WILLIAM STEVENS *et al. v.* SARGEANT W. BEACH.

A witness may be cross-examined as to any collateral fact, which has any tendency to test either his accuracy or veracity, but the party must be bound by the answers of the witness, and cannot adduce proof in contradiction of such answers.

And if, in the course of the trial, testimony is given without objection, tending to contradict such answers, it is not even then competent for the party offering the first witness, to give independent proof tending to corroborate the witness, as to those collateral matters.

The order of a justice of the peace, in regard to the time when a default shall be entered, in a continued action pending before him, if made in the absence of the defendant, is of no binding force either upon the plaintiff or the court.

AUDITA QUERELA, to set aside a judgment rendered by Daniel Judd, a justice of the peace, on the 10th day of November, 1834, in favor of the defendant in this action, against the complainants, for sixty-five dollars damages and twelve dollars and fourteen cents costs. Plea, not guilty, and trial by jury.

On the trial in the county court, the complainant gave in evidence a copy of the record of the judgment complained of. It appeared from said copy, that the suit in which said judgment was rendered, had been continued to the tenth day of November, 1834; that the hour, set in the writ for trial, was nine o'clock in the forenoon; that at ten o'clock, in the forenoon of November 10, 1834, the parties were called and the plaintiff in that suit appeared, but the defendants did not appear; that the justice thereupon ordered the cause to stand open until eleven o'clock of the same day; that, after the hour of eleven had arrived, the parties were again called, and the plaintiff in that suit appeared, but the defendants did not appear, whereupon the justice ordered a default to be entered; that after the said order, and before the entry was completed, James Steele, the attorney for the defendants in that suit, appeared and claimed a hearing in the cause, and objected to the entry being made; that an hour afterwards the said attorney filed a written motion praying said justice, Judd, to take off said default, which motion the said justice overruled; but the said attorney was notified that he could be heard upon the question of damages, but he declined appearing for that purpose.

The complainant also gave evidence tending to show that before the default was entered on the record of said judgment, and while the justice and plaintiff's attorney, as well as the plaintiff, were all present at the place set for trial, for the purpose of attending to said cause, he appeared by his attorney, James Steele, and claimed a hearing, which was by said justice denied him, at the instance of the defendant and his counsel.

The defendant gave evidence tending to show that, on the day of the rendition of the judgment, the court being set at nine o'clock, A. M., he arrived at the place set for trial, soon after nine o'clock, and the defendants in that action were formally called by said justice, and the plaintiff insisted upon his right to have the default then entered, but said justice ordered and directed said court to stand open until eleven o'clock, (there being a clock then in the house which the justice looked at to notice the time) ; that the cause did then stand open until after eleven, by said time-piece, which was thought to be correct; that about eleven, and while the clock was striking, the persons present looked and saw said Steele coming. Supposing he was coming to defend this suit, they waited some time, and the witness testified that Steele " had turned his horse out of the road and was himself conversing with some one ;" and then the justice ordered the default to be entered, which was done before Steele or any other one, on the part of the defendant, appeared.

The complainants' witness, Steele, having testified that he did not turn his horse " out of the road" at the place where defendant's witness testified that he did, but only that he delayed a moment in the road to speak to some one, and the defendant's witness being very positive that said horse, at that place, did turn out of the road at some distance, so as to be feeding on the grass, the complainants offered to show that the horse did not turn out of the road at all, which testimony being objected to by the defendant, was rejected by the court. The complainants also offered to prove that, at the time said justice directed said default to be entered, it was not eleven o'clock, by the true time, although it was by the clock to which said justice referred in the house, at the place where said court was appointed. This testimony was objected to by the defendant and rejected by the court.

The complainants excepted to the above decisions of the county court. The cause was submitted to the jury, under a charge from the court, which was not excepted to, and the jury returned a verdict for the defendant.

————————. for complainants.

*Ira Young*, for defendant.

The opinion of the court was delivered by

REDFIELD. J.—In this case, the plaintiff's witness, Steele, had testified that, in passing a certain point in the road, he made no delay, and did not turn aside from the main road. A witness on the part of the defendant, testified that, at this point, Steele's horse did turn aside from the main road, and stood grazing for a long time. The plaintiff then, in reply, offered to prove by witnesses who had not before testified, that Steele's horse did not turn aside from the main road, and the court rejected the testimony.

If the fact, whether Steele's horse turned aside from the road to graze, had been directly in issue in the case, the testimony offered by the plaintiffs must have been received; but that fact was no way material to the principal issue. It could not be important, except to impeach the defendants' witness or corroborate the plaintiff's. · It is no doubt competent for the party to put almost any question, upon cross-examination, which he may consider important to test the accuracy or veracity of the witness. But if the question is in regard to a fact collateral to the issue, he must be content with the answer of the witness, and cannot contradict him by independent proof. If this were allowed, a single issue would branch out into an indefinite number of collateral ones. 1 Starkie's Ev. 182. 6 ed. and authorities referred to. Hence, if in regard to any of those collateral questions, the witnesses should not agree, it is not, for the reason above stated, competent for either party to adduce evidence in regard to such collateral fact. The question put to Steele, for the purpose of testing his consistency, might be perfectly competent, but the testimony given by the defendants' witnesses upon this point, as it had no tendency to prove the main issue, was not competent, and, had it been objected to, would have been rejected. Hence, as Steele could not legally have been impeached by

this collateral proof, neither could he be supported in that manner.

In regard to the order of the justice, that the case should stand open until eleven o'clock, it is obvious that it was made with reference to the time, as indicated by the chronometer, then before the eye of the court, and not to the apparent or true time, as determined by meridional observation.  If this were not so, even, it was an order no more binding upon himself or the parties, than a mere mental resolution, which all mankind are permitted to forego at will.

Judgment affirmed.