BELL, (NELSON v.) See Case No. 10,101a.

## Case No. 1,258.

### BELL v. NIMMO et al.

[5 McLean, 109.][1]

Circuit Court, D. Indiana. May Term, 1850.

BONDS—CONSIDERATION—FRAUD — DEFENSES—ASSIGNEE.

[1. Action cannot be maintained on a bond obtained by falsely representing to the obligors that the obligee had a requisition to take them to another state, to answer a charge of larceny.]

[2. An obligor may set up any defense to a bond, as against the assignee thereof, which he had against the obligee, although bonds are assignable by the Indiana statute.]

[See Scott v. Schreeve, 12 Wheat. (25 U. S.) 605.]

[At law. Action by the assignee of Bell against Nimmo and others upon a bond given to the assignor. Plaintiff demurred to defendants' plea. Plea sustained.]

Mr. Cooper, for plaintiff.
Mr. Breckenridge, for defendant.

OPINION OF THE COURT. This is an action of debt for eight hundred and forty-three dollars. The defendants pleaded that the obligee represented to them, that he had a requisition on them from the governor of Ohio to the governor of Indiana, to surrender them to answer a charge of larceny in Ohio, which was false, but in consequence of which representation, the bond was given on which this action was brought, to settle the same and for no other consideration. That it was fraudulently obtained, &c. To which plea there was a demurrer.

In Indiana, bonds are made assignable by statute, but the obligor may set up any defense which he had against the obligee. The demurrer admits the fraud alleged in the plea, it is sustained. [Demurrer overruled.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

## Case No. 1,259.

### BELL v. NIMMON.

[4 McLean, 539.][1]

Circuit Court, D. Indiana. May Term, 1849.

DEPOSITION—NOTICE TO TAKE—SERVICE ON COUNSEL.

1. A notice to take depositions is not good if served on counsel who could not attend to the taking of the deposition without being absent at the commencement of the court.

[Distinguished in Union Pac. Ry. Co. v. Reese, 56 Fed. 289.]

2. During court a service on the counsel is not good, if objected to.

[At law. Motion by plaintiff Bell, to reject depositions taken by defendant Nimmon. Granted.]

Mr. Cooper, for plaintiff.
Mr. Breckenridge, for defendant.

OPINION OF THE COURT. A motion is made by plaintiff's attorney to reject certain depositions taken by defendants. This motion is founded on an affidavit by plaintiff's attorney, which shows that notice was served on the 16th May, inst., at Fort Wayne, to take depositions 30 miles distant on the following Saturday. The notice was sufficient by the act of congress of 1789, which requires a notice to be so given as to allow of a travel of twenty miles per day to the place of taking the deposition. But the plaintiff's counsel states, under oath, that if he had attended the taking of the deposition, he could not have reached the court at its commencement.

The deposition will be rejected. No counsel is obliged to receive a notice of taking a deposition while in attendance at court. And for the same reason a notice, which if attended to would deprive the counsel of being present on the day the court commences, he is not obliged to receive the notice. A notice to take depositions, if it require the counsel to leave court, or if he attends, will necessarily prevent his reaching court at its commencement, ought not be held a legal notice.