Drew *v.* Wood.

---

# DREW *v.* WOOD.

The relation of a witness to a party in a cause, whether of peculiar friendship or hostility, is a fact material to the issue, and may be shown either by the testimony of the witness himself, or by other evidence.

ASSUMPSIT on an account annexed. One Hiram Paul was introduced as a witness by the defendant. On cross-

examination, he was asked, if he had ever had any difficulty with Benjamin J. Drew, one of the plaintiff's witnesses, against whose character for truth he had testified, and answered that he never had any difficulty with him.

The plaintiff then introduced one Daniel Chase, as a witness, who testified, that he was present several years ago at a trial, where Mercy K. Drew, the plaintiff, said Benjamin J. Drew, John Q. Drew, and Huldah Drew, who were also witnesses in this action, and one Josiah Drew, were present; and that said Paul and one Joseph Hutchins, since deceased, were present, and had a pistol, and used such language that said Chase offered to buy the pistol of them, and that said Paul and Hutchins said, that if the Drew family went over that hill, they should not go home alive.

The defendant objected to the admission of this evidence, as being to an immaterial point. The court overruled the objection, and admitted the evidence. Paul was recalled, and denied the whole of Chase's statement.

The jury found a verdict for the plaintiff, which the defendant moved to set aside, and for a new trial, because of supposed error in said ruling.

*Hobbs & Sanborn*, with whom was *Small*, for the defendant, contended that the testimony of Daniel Chase was inadmissible; that the facts testified to were too remote to have any legal tendency to show that Paul had ever had any difficulty or misunderstanding with Mercy K. Drew or Benjamin J. Drew, and the matter of the testimony was *res inter alios acta.* In support of these views they cited *Harris* v. *Tippet*, 2 Campb. 637; 1 Stark. Ev. 58, 59; *Harris* v. *Wilson*, 7 Wend. 57; *Lawrence* v. *Barker*, 5 Wend. 301; *Thomas* v. *David*, 7 Carr. & P. 350, and 1 Phillips Ev. 273 and 292.

*Hatch*, for the plaintiff.

Woods, J.   The question in this case is whether the evidence of Daniel Chase was properly admitted or not, or in other words, whether it was material, and relevant to the issue to be tried.  We do not determine whether it was or was not material to show that there were unfriendly feelings existing between Hiram Paul and Benjamin J. Drew.  It was clearly material to show that a state of hostile feelings existed on the part of Paul towards Mercy K. Drew, the plaintiff.   And the evidence tended to show that fact, no less than his ill will towards Benjamin J. Drew.  What Paul and Hutchins said, of which Chase gave evidence, related to all the Drew family, including the plaintiff as well as the other members of it.   What they said, as testified to by Chase, was that "if the Drew family came over that hill, they should not go home alive."  The evidence, then, tended to show a state of ill will on the part of Paul towards the plaintiff, and inasmuch as for that cause it must be considered as detracting from the weight that would otherwise properly attach to the testimony of Paul, in that point of view the law regards it as material to the issue, and therefore competent evidence.   Paul's testimony was material, and the evidence of Chase was material also, as having the effect to weaken its force.

The relation in which a witness stands to a party, whether of peculiar friendship or hostility, is material, and may always be shown.

It is a fact from which inferences may properly be made, touching the probability of the truthfulness of the relation of facts, given by the witness, and may be proved like any other material fact.   It may be shown, either by the testimony of the witness whose testimony is to be affected by it, or by that of other witnesses.   *Stevens* v. *Beach*, 12 Vt. Rep. 585 ; *Peirce* v. *Gibson*, 9 Vt. Rep. 216 ; 1 Greenl. Ev. 500 ; *Atwood* v. *Welton*, 7 Conn. Rep. 66 ; *Thomas* v. *David*, 7 C. & P. 350 ; *Rixey* v. *Bayse*, 4 Leigh's Rep. 330 ;

*Tucker* v. *Welch*, 17 Mass. Rep. 160; *Ware* v. *Ware*, 8 Greenl. Rep. 42.

The testimony of Chase, then, was clearly admissible, and there must therefore be

*Judgment on the verdict.*