MARIA TICE, Respondent, *v.* HENRY N. MUNN, Appellant.

*It seems* that one whose negligence has occasioned a personal injury to another is liable for the proximate consequences of his act, although these are aggravated by reason of the delicate health of the person injured; the liability is not limited to such consequences of the injury as would have resulted if the person had been in good bodily health.

(Argued October 8, 1883 ; decided November 20, 1883.)

THIS action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The court here held that the evidence sufficiently established the negligence alleged.

A point as to the charge, is stated and disposed of in the following extract from the opinion.

" The defendant asked the court to charge in substance, that if the plaintiff was in an unhealthy and debilitated condition, and the injuries were more serious and lasting by reason of her bodily condition, then the defendant is only liable for such consequences of the injury as would have resulted if she had been in good bodily health. The court refused to charge as requested, but stated the rule to be, that if by reason of a delicate condition of health, the consequences of a negligent injury are more serious still, for those consequences the defendant is liable, although they are aggravated by the imperfect bodily condition. To the refusal and the charge the defendant excepted. There was nothing in the case to call for the instruction sought. The proof utterly failed to show any weakened or imperfect bodily condition which aggravated the injury. What was suggested as a rheumatic attack two years before, proved to have been not such, and of no practical importance, and the court was asked to charge upon an abstract proposition having no just bearing on the case. But the charge was right. Taken in connection with the rule of damages several times repeated, it amounted to saying that the negligent party is responsible for the proximate consequences of his act, even though those consequences are more severe and aggravated by reason of delicate

health than they would have been if the sufferer had been sound and well. This does not allow damages for what the defendant did not proximately cause, but holds him responsible for such consequences in the particular case."

*Robert P. Harlow* for appellant.

*Nathaniel C. Moak* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.