CAROLINE D. CRANK, Respondent, v. THE FORTY-SECOND STREET, MANHATTANVILLE AND SAINT NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Evidence to show that a permanent injury makes the person injured liable to suffer more from other ailments.*

In an action brought to recover damages claimed to have been sustained by reason of the conductor of the defendant's car being thrown against the plaintiff while the car was passing a curve, it was conceded that a sufficient cause of action was made out to justify the submission of the case to the jury, but it was claimed that the judge erred in charging the jury that they might take into consideration, upon the subject of the permanency of the injury, the plaintiff's liability to suffer more from other ailments than she would have suffered had it not been for the injury.

It appeared that the plaintiff required medical attendance for a considerable length of time, and, also, that the injury she received was permanent, and would affect her during her future life, the physician testifying that if she was sick from other causes, the result of this injury would always complicate them.

*Held,* that as the evidence was sufficient to entitle the jury to come to the conclusion that there was a reasonable certainty that the results of the accident would be permanent, that, therefore, the submission to the jury of the question of the plaintiff's liability to suffer more from other illnesses than she would have otherwise done, came within the rules laid down in reference to the effect of injuries where there is a reasonable certainty that they will be permanent.

APPEAL by the defendant from a judgment recovered at the New York Circuit, entered upon the verdict of a jury for the sum of $2,500, in favor of the plaintiff, in the office of the clerk of the county of New York on November 19, 1888, and from an order made on November 19, 1888, and entered in the office of the said clerk on the same day, denying the defendant's motion, upon the minutes of the justice presiding at the trial, for a new trial.

*W. C. Trull,* for the appellant.

*J. D. Townsend,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages claimed to have been sustained by the plaintiff by reason of the conductor of the defendant's car being thrown against the plaintiff while the car was passing a curve. The ground upon which the defendant was held liable was that the driver of the car was driving at a rate of speed such

as would occasion a jolt and thereby throw the conductor against the person of the plaintiff.

It is conceded that a cause of action was made out such as entitled the case to be submitted to the jury. But it is claimed that the damages were excessive and that the learned judge made an error in charging the jury that they might take into consideration, upon the subject of the permanency of the injury, the plaintiff's liability to suffer more from other ailments than she would have suffered had it not been for the injury. Although the verdict seems large, in view of the injuries which the plaintiff was shown to have suffered as the result of the accident, yet it is not so excessive as to justify this court in interfering with it. It appeared that the plaintiff required medical attendance for a considerable length of time, and also that the injury she received was permanent and would affect her during her future life. Neither does the exception to the charge afford any reason for a reversal. The evidence was sufficient to entitle the jury to come to the conclusion that there was a reasonable certainty that the results of the accident would be permanent; the physician testifying that it would last her as long as she lived, and that if she was sick from other causes the result of this injury would always complicate them. This furnished a ground for the consideration by the jury of the results of the injury. It was permanent and it would complicate any affection she might suffer from arising from other causes; and, therefore, the submission to the jury of the question of the plaintiff's liability to suffer more from other illnesses than she would have done, seems to come within the rules laid down in reference to the effect of injuries where there is a reasonable certainty that they will be permanent. It is true it may be that the plaintiff will never suffer from any other illness, but where the injury is of such a character as render her less able to contend against the ordinary ills which flesh is heir to, it does not seem to be at all speculative to allow the jury to take such a state of affairs into consideration in making compensation to the plaintiff for the injuries suffered.

The judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.