UNION PAC. RY. CO. v. REESE.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

No. 66.

1. DEPOSITION—SUPPRESSION—TAKING DURING TERM.
    A deposition taken under Rev. St. § 863, which authorizes the taking of depositions de bene esse under certain circumstances upon reasonable notice to be given to the opposite party or his attorney, will not be suppressed upon the sole ground that it was taken during a term at which the case might be tried, for such objection is not within the statute.

2. SAME—TIME OF OBJECTING—APPEAL.
    Where a party moves before the commencement of the trial for the suppression of a deposition, and then suffers it to be read without objection, he cannot avail himself of his previous exception in the reviewing court.

3. CARRIERS—INJURY TO PASSENGERS—WITNESS—IMPEACHMENT.
    On the issue of contributory negligence in a personal injury suit plaintiff testified that at the time of the accident he was not intoxicated. On cross-examination he testified that he was not a drinking man, and had never been intoxicated while he lived in C. Held, that this was collateral matter, and, having been brought out on cross-examination, evidence was not admissible to contradict it.

**4. SAME—MATTERS NOT IN ISSUE.**
    Nor is evidence of drinking habits admissible in mitigation of damages
    when there is no issue as to plaintiff's capacity to earn a livelihood prior
    to the accident.

In Error to the Circuit Court of the United States for the District of Montana.

This was an action by John T. Reese against the Union Pacific Railway Company for injuries to plaintiff while a passenger on one of defendant's trains. There were verdict and judgment for plaintiff, and defendant brings error. Affirmed.

J. S. Shropshire, (J. M. Thurston, on the brief,) for plaintiff in error.

George Haldorn, for defendant in error.

Before McKENNA, Circuit Judge, and HAWLEY and MORROW, District Judges.

MORROW, District Judge. This was an action by John T. Reese against the Union Pacific Railroad Company to recover damages in the sum of $50,000 for an alleged injury sustained by the plaintiff while boarding defendant's train December 20, 1887, at the city of Cheyenne, in the territory of Wyoming. The case was originally commenced in the district court of the second judicial district of the territory of Montana, and transferred to the United States circuit court for the district of Montana after the admission of the territory into the Union. There was a trial before the circuit court and a jury, resulting in a verdict in favor of the plaintiff for $25,000. The court overruled a motion for a new trial, on condition that the plaintiff would remit $10,000, whereupon the plaintiff agreed to remit the sum of $10,000, and thereupon a judgment was entered in favor of the plaintiff for $15,000. The defendant then sued out this writ of error.

The errors assigned are:

First. That the court erred in refusing the motion of the defendant below to suppress certain depositions taken on behalf of the plaintiff, and permitting the same to be read in evidence, for the reason that the same were taken in term time, and without leave of the court, and at a term at which the cause could be tried. The term of court to which reference is made commenced on the first Monday of April, 1892. The case was set for trial on May 2, 1892. Plaintiff's notice to take the first deposition was served upon the attorney for the defendant on the 19th day of April, 1892, to take the deposition of a witness on the 25th day of April, 1892, in the town of Irondale, Jefferson county, Ohio. The notice to take the second deposition was served upon the attorney for the defendant on the 23d day of April, 1892, to take the deposition of a witness on the 27th day of April, 1892, in the city of Cheyenne, Wyo. The cases of Allen v. Blunt, 2 Woodb. & M. 121–135, and Bell v. Nimmon, 4 McLean, 539, are cited as authority in support of the defendant's contention that these depositions should have been suppressed, because taken in term time. In the first case the deposition was taken

by the defendant ex parte, and without notice to the plaintiff during the sitting of the court at which the case was tried, under the provisions of section 30 of the act of September 24, 1789. At the trial the court refused to permit the deposition to be read in evidence, and on a motion for a new trial held that the deposition was properly excluded, on the ground, among other reasons, that depositions taken without notice were very dangerous in their ex parte character for the fair trial of the final merits of a cause; citing the ·case of Bell v. Morrison, 1 Pet. 356. Moreover, it appeared that the plaintiff had counsel at the very place where the deposition was taken. It is true the court stated in its opinion that depositions taken during the session of the court, though over a hundred miles distant, whether with or without notice, were entirely inadmissible;. but in the case of Bell v. Morrison the supreme court did not go that far. The statute involved in both cases was the same, and required, among other things, that the deposition should be reduced to writing by the magistrate taking the deposition, or by the deponent in his presence. The objection was that there was no proof by the certificate of the magistrate or otherwise that the deposition in question was so reduced to writing in the presence of the magistrate. The supreme court held that the authority to take depositions in this manner, being in derogation of the rules of the common law, had always been construed strictly, and it was therefore necessary to establish that all the requisites of the law had been complied with before such testimony would be admissible, and this was all it was necessary to decide in either case. In the case of Bell v. Nimmon the deposition had also been taken under the act of 1789, and it was held that a notice to take a deposition was not good if served on counsel who could not attend to the taking of the deposition without being absent at the commencement of the court. These cases do not establish any rule for the exclusion of a deposition applicable to the case at bar—First, because the facts upon which the objections were based are not the same; and, second, because the deposition in the present case was taken under the act of May 9, 1872, (section 863, Rev. St.,) which prescribes that depositions de bene esse may be taken under certain circumstances upon reasonable notice to be given in writing by the party or his attorney proposing to take such depositions to the opposite party or his attorney of record, as either may be nearest. The requirement that a reasonable notice must be given to the opposite party before taking a deposition has to a large extent cured the · evils complained of under the former act. Egbert v. Insurance Co., 7 Fed. Rep. 47.

No objection was made in the court below that a reasonable notice had not been given of the taking of the depositions in this case, and the objection that the depositions were taken in term time is not within the statute. It is a rule of law that, where a party excepts to the admission of testimony, he is bound to state his objection specifically, and in a proceeding for error he is confined to the objection so taken. Burton v. Driggs, 20 Wall. 125–133; Pow. App.

Proc. p. 122. If the objection had been made in the court below that reasonable notice had not been given of the taking of the deposition, the plaintiff might have supplied proof of that fact. Stebbins v. Duncan, 108 U. S. 32-46, 2 Sup. Ct. Rep. 313. The motion to suppress the depositions was made by counsel for the defendant, and overruled by the court, before the commencement of the trial. In the case of Ray v. Smith, 17 Wall. 411, the supreme court decided that, though a party may have taken exceptions before a trial to the refusal of a court then to suppress a deposition, yet, if he allow the deposition to be read in the trial without objection, he cannot avail himself of his previous exception in the supreme court. See, also, Brown v. Tarkington, 3 Wall. 378. The rule is well established that the appellate court will only permit those matters to be assigned for error that were brought to the attention of the court below during the progress of the trial, and there passed upon. Manufacturing Co. v. Joyce, 54 Fed. Rep. 332.

The second error assigned relates to the exclusion of depositions offered in evidence by the defendant. It is claimed that these depositions tended to prove that the plaintiff had been known to be under the influence of drink and intoxicated several times during his residence in Cheyenne, and while employed as superintendent of the Silver Crown smelter, just prior to the alleged injuries. The defendant, in its answer, had charged the plaintiff with contributory negligence at the time of the accident, and upon that issue plaintiff appears to have testified in chief that he was not under the influence of liquor or intoxicated on the night of the injury. Upon cross-examination he testified that he was not a drinking man, and had not been drinking for several years prior thereto, and had never been under the influence of liquor or intoxicated during his residence in Cheyenne, or during the time he was engaged as superintendent of the Silver Crown smelter. The depositions were offered to discredit the plaintiff's testimony in this respect, but it is now contended that they were also admissible as evidence in mitigation of damages. Plaintiff's testimony as to his previous habits of sobriety was brought out on cross-examination, and was clearly a collateral matter. To that extent, therefore, the plaintiff became a witness for the defendant, and his testimony was not open to contradiction, and thereby subject to be discredited. 1 Greenl. Ev. § 449; Odiorne v. Winkley, 2 Gall. 51; People v. McKeller, 53 Cal. 65; People v. Bell, Id. 119; Stevens v. Beach, 12 Vt. 585; Seavy v. Dearborn, 19 N. H. 351; Bivens v. Brown, 37 Ala. 422.

The depositions were not offered as evidence in mitigation of damages, and the record does not disclose the state of the evidence upon that issue, or that the plaintiff's previous habits were involved in the question as to the amount of damages he had sustained. The complaint alleges that plaintiff was injured while attempting to board one of defendant's trains, whereby his left arm was broken between the wrist and elbow, and that he was further injured on the right side of his head; that by reason of the said injury to his arm it became necessary to amputate the same, which was done, and plaintiff was thereby deprived of his ability to attend to the business of

a metallurgist, and incapacitated from earning a living because of the said injury to his head. The answer denies that the plaintiff was hurt, or his arm broken, or his head hurt, by reason of any wrongful act or negligence or carelessness of the defendant, or any of its servants, agents, or employes. It may not have been necessary for the defendant to charge the plaintiff with any incapacity to place in issue the question of his ability to earn a living or to attend to the business of a metallurgist, but, in the absence of such an issue in the pleadings, and without a record showing the materiality or relevancy of such testimony, this court cannot say that the court below erred in excluding the depositions.

Judgment affirmed.