.(41 App. Div. 213.)

## TURNER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

PERSONAL INJURIES—PROXIMATE CAUSE—DELIRIUM TREMENS.

    Plaintiff's intestate was addicted to the use of alcohol to such an extent as to render him susceptible to delirium tremens. While riding on horseback he was, through defendant's negligence, struck by a street car, and thrown to the ground with sufficient force to fracture his skull. He died five days later from delirium tremens, which was brought about by the shock. The injury to the tissues of the brain by the fracture was not sufficient to have caused the death. *Held,* that defendant's negligence was the proximate cause of the death.

Appeal from trial term.

Action by Elizabeth Turner, administratrix of the estate of Walter Turner, deceased, against the Nassau Electric Railroad Company for personal injuries resulting in death. From a judgment entered on verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John F. Brennan, for appellant.
Robert H. Elder, for respondent.

GOODRICH, P. J. On July 14, 1896, Walter Turner was riding a horse on Seventh avenue, and turned upon the defendant's track to pass around a wagon standing by the curb. As he reached the track, the horse was struck by a car of the defendant coming up from behind, Turner was thrown off and run over, and his skull was fractured. He was taken to the hospital, where he died on July 19th. The plaintiff, his widow, obtained letters of administration, and recovered judgment, from which this appeal is taken.

There was evidence sufficient to require the court to submit to the jury the questions of the decedent's freedom from contributory negligence and the negligence of the defendant's employés. There was also a question whether the evidence justified the conclusion that Turner's death was caused by the collision. This arises on the evidence of Dr. Goodrich, who attended Turner up to the time of his death. He testified:

"He died of acute delirium,—delirium tremens. Q. What was the cause of this acute delirium? A. The injury was undoubtedly an exciting cause. The direct cause of this man's death was delirium tremens. Q. What was the direct cause of this malady which resulted in the death of the deceased? A. Well, there can be a number of direct causes. The exciting cause was the injury. Undoubtedly there was a predisposing cause. Q. What was this injury? A. The blow upon the head evidently, for there was a laceration of the right parietal and temporal region, the right side of the head, and two small cracks in the outer table of the skull. There was no fracture of the inner. Q. These injuries precipitated the malady that caused his death, is that right? A. Yes, sir. Cross-examination by Mr. Brennan: The injuries to the tissues themselves were not sufficient to cause death outside of other predisposing causes. Q. This man had, you say, been addicted to alcohol? A. I don't know. We presume that in a case of that kind; at the same time I could not swear to it. If a man has delirium tremens, that is presumably the cause of it.

Delirium tremens is what he died from. Redirect examination by Mr. Elder: Q. As you found this man, his condition, the physical condition, and the condition of his brain and all, these injuries were sufficient to cause his death, weren't they? A. His brain was not injured. Independently such injuries would not have been sufficient to cause death. Q. But in this particular instance they were sufficient to cause death, weren't they? A. He died undoubtedly as the result of the injury he received,—the effect of the accident. By the Court: Q. Would he have had delirium tremens except for the accident? A. Probably not. By Mr. Elder: Q. He might have lived for years, might he not, if this accident had not happened? A. He might; yes. Recross-examination by Mr. Brennan: Q. This is purely a question of probability and guess, isn't it? He might or might not have had delirium tremens with this accident out of the case? A. He might or might not. It is a matter of judgment, I think. By Mr. Elder: It is a matter of scientific opinion. By the Court: I think I am able to say with reasonable certainty whether he would have had delirium tremens except for this accident. I think he would not have had it if it had not been for the accident."

The defendant contends that the accident was not the sole cause of the death in such a way as to make the defendant liable therefor. The evidence of Dr. Goodrich shows without contradiction that the delirium tremens was the result of the injuries which he received. The briefs submitted by the defendant's counsel do not cite any authorities on the question, and we have not found the point exactly decided; but in Crank v. Railway Co., 53 Hun, 425, 6 N. Y. Supp. 229, affirmed without opinion in 127 N. Y. 648, 27 N. E. 856, it was held that it was not error to charge the jury that they might take into consideration on the subject of the permanency of the injury the plaintiff's liability to suffer more from other ailments than she would have suffered had it not been for the injury. Tice v. Munn, 94 N. Y. 621, is not fully reported, but the court held that one whose negligence has occasioned a personal injury to another "is responsible for the proximate consequences of his act, even though those consequences are more severe and aggravated by reason of delicate health than they would have been if the sufferer had been sound and well." In Ginna v. Railroad Co., 8 Hun, 494, affirmed 67 N. Y. 596, a passenger had his arm fractured by the negligence of a carrier, and the broken fragments caused the development of a poisonous discharge, which resulted in blood poisoning. The court held that the negligence was the cause which placed his life in jeopardy, because it produced the wound whose poisonous discharges resulted in his death. Gill v. Railroad Co., 37 Hun, 107, was a case where an intoxicated person was ejected from a car on a cold, stormy night for nonpayment of his fare, and his dead body was found the next morning lying in partially frozen mud and water. It was proved that the immediate cause of his death was suffocation or drowning, but the court held that it was no error to charge that if more force was used in the ejection than was necessary, which resulted in his being so stunned or paralyzed as to be rendered incapable of taking care of himself, and that by reason of such incapacity he fell into the mud and water, the plaintiff was entitled to recover.

We find abundant authority, however, in other states than our own for the proposition that, where the delicate physical condition of a person is aggravated by the injuries received in an accident for which the defendant is otherwise responsible, recovery may be had. Such

is the case of Railroad Co. v. Hecht, 115 Ind. 443, 17 N. E. 297, where a passenger sued the carrier.    The court said:

"Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages. The decisions upon this point are numerous and harmonious,"—citing many cases.

In Lapleine v. Steamship Co., 40 La. Ann. 661, 4 South. 875, the court held:

"The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and strong, and when that duty is violated the measure of damage is the injury inflicted, even though that injury might have been aggravated, or might not have happened at all, but for the peculiar physical condition of the person injured."

In Purcell v. Railway Co., 48 Minn. 134, 50 N. W. 1034, it was held that a passenger injured by the negligence of a carrier is entitled to recover the full extent of the injury so caused, without regard to whether, owing to his previous condition of health, he is more or less liable to injury. In Railroad Co. v. Jones, 83 Ala. 376, 3 South. 902, it was held that where the plaintiff had pneumonia from which she would ultimately have died, yet, if the injury caused by the negligence of the railroad hastened her death, the corporation would not be guiltless, that the railroad would not be exempt from liability for such an injury unless her death was solely the result of bad health, and that it does not follow because a man can die but once that there cannot be two or more concurrent, co-operative, and efficient causes to effect the one killing.

It is true that all of these cases, except Tice v. Munn, arose out of the relation of a common carrier to a passenger; but the principle in question is not affected thereby. The defendant's liability rests on the fact that its negligence was the proximate cause of the death. In Insurance Co. v. Boon, 95 U. S. 117, 130, it was said:

"The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation."

And in Railway Co. v. Kellogg, 94 U. S. 469, 474, it was said:

"The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied at the other end,—that force being the proximate cause of the movement,—or as in the oft-cited case of the squib thrown in the market place. 2 W. Bl. 892. The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation?"

We think it must be held that the negligence of the defendant's servants was the proximate cause of the death, within the authorities cited.

In Dickson v. Hollister, 123 Pa. St. 421, 16 Atl. 484, a distinction was made obiter as to a case where the damage was aggravated by the improper habits of the injured party. We cannot believe that this defeats the plaintiff's cause of action. Non constat that the decedent, except for the injury, would have had delirium tremens when he did. Non constat that he would have had delirium tremens at all had it not been precipitated by the injury. If the accident to

the deceased had been caused while he was, and by reason of his being, intoxicated, so that his condition might be considered as contributing to the accident, a different question would have arisen; but it requires altogether too great a stretch of moral responsibility, and necessitates the investigation of cause and effect, and would carry us into metaphysical and psychological speculation, to an extent outside the possibility of judicial inquiry, to hold that the susceptibility to delirium tremens is different from any other physical condition caused by unwise or improper habits. When disease has supervened from any cause, any aggravation of that condition by the negligence of another is a cause of action for damages, provided such damages are solely set in motion and caused by the injury.

For these reasons the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.