HANNAH SULLIVAN *vs.* JOSEPH MARIN.

Middlesex.    December 8, 1899. — March 2, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Negligence — Due Care — Questions for the Jury — Evidence as to the Use of Intoxicating Liquors before the Accident.*

If, in an action for personal injuries occasioned to the plaintiff by being caught in an elevator, there is evidence that the plaintiff had given a signal for the elevator to come to the floor where he was waiting and that the defendant, operating the elevator himself, opened the door and asked the plaintiff to step in and that he thereupon attempted so to do, that the floor of the car was then six or seven inches above the floor on which the plaintiff stood, and was only two inches thick, and that the car was of such dimensions that when its floor was at the same level as the floor of the hall there was a considerable open space between the threshold of the door giving access to the elevator and the floor of the car, the questions of the care or negligence of both plaintiff and defendant are for the jury.

In an action for personal injuries the defendant offered to show, as affecting the damages only, that prior and up to the time of the accident the plaintiff had been addicted to the excessive use of intoxicating liquors, but the judge excluded the evidence and allowed the defendant to offer evidence that since the time of the injury the plaintiff had been addicted to the use of intoxicating liquors. *Held,* that the evidence rejected was rightly rejected.

TORT, for personal injuries occasioned to the plaintiff by being caught in an elevator owned and operated by the defendant.

At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*N. D. Pratt*, for the defendant.

*J. J. Hogan*, for the plaintiff.

BARKER, J.   There was evidence that the plaintiff had given a signal for the elevator to come to the floor where she was waiting, and that the defendant, operating the elevator himself, opened the door and asked her to step in, and that she thereupon attempted to do so.   Also that the floor of the car was then six or seven inches above the floor on which the plaintiff stood, and was only two inches thick, and that the car was of such dimensions that when its floor was at the same level with the floor of the hall there was a considerable open space between the threshold of the door giving access to the elevator and the floor of the car.   This made the questions of the care or negligence of both plaintiff and defendant questions for the jury, and the defendant's requests to order a verdict in his favor were rightly refused.

The remaining exception is to the refusal of the court to allow the defendant to show that prior and up to the time of the accident the plaintiff had been addicted to the excessive use of intoxicating liquors.   The statement was made in connection with this offer that it was made as affecting the damages only. The court excluded the evidence, but allowed the defendant to offer evidence that since the time of the injury the plaintiff had been addicted to the use of intoxicating liquors.

In our opinion the evidence was rightly rejected.   There was no reason shown why the value of the plaintiff's time and labor could not be proved by the evidence commonly introduced to prove such values.   If her previous habits had been such as to lessen the probability of her complete recovery, or to prolong or aggravate the suffering caused by her injury, that fact could not be shown in mitigation of damages.   *Little-hale* v. *Dix*, 11 Cush. 364.   See *Carr* v. *West End Street Railway*, 163 Mass. 360; *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488, 491.

*Exceptions overruled.*