## CAMP MFG. CO. v. BECK.

(Circuit Court of Appeals, Fourth Circuit. October 21, 1922.)

No. 1984.

1. **Appeal and error ⬦248—Where no exception taken, assignment of error without necessary basis.**

   Where no exception was taken to a ruling, an assignment of error to it is without the necessary basis for a review.

2. **Witnesses ⬦275(5)—Not subject to cross-examination on subjects not covered by examination in chief.**

   Cross-examination of plaintiff in an action for negligence as to hospital bills and medical attendance was properly excluded; such subjects not being included in the examination in chief.

3. **Damages ⬦157(2)—Evidence in action for injuries that defendant paid plaintiff's bills while incapacitated not admissible in mitigation under general issue.**

   In an action for injuries, where the answer merely denied negligence and set up assumption of risk, evidence that defendant paid plaintiff's hospital and medical bills and helped to support his family while he was incapacitated was not admissible.

4. **Appeal and error ⬦892(1)—Avowal of offered testimony necessary to show error in excluding it.**

   Where there was no avowal of the testimony offered, it does not affirmatively appear that error was committed in excluding it.

5. **Damages ⬦34—No diminution for fact that diseased condition prolonged injury, preventing complete recovery.**

   In an action for injuries, defendant is not entitled to a diminution of damages because plaintiff's diseased condition prolonged the injury and prevented complete recovery, though plaintiff's diseased condition was the result of his own immoral conduct.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith, Judge.

Action at law by William J. Beck against the Camp Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

M. C. Woods, of Marion, S. C., for plaintiff in error.

E. W. Mullins, of Columbia, S. C. (Nelson & Mullins, of Columbia, S. C., and Mullins & Hughes, of Marion, S. C., on the brief), for defendant in error.

Before KNAPP and WADDILL, Circuit Judges, and GRONER, District Judge.

KNAPP, Circuit Judge. In this action of negligence Beck, plaintiff below, recovered a judgment. The assignments of error relate only to questions of evidence, and these are of two classes.

First. On cross-examination plaintiff was asked:

"Q. You stated that you went to the hospital in Florence several times. Who paid those bills?

"Court: Excluded.

"Q. Mr. Beck, didn't the company pay for all of your hospital bills and your medical treatment and support you and your family to the extent of something like $1,200?

"Court: Excluded. Nothing is set up in the answer claiming that in mitigation of any weight of damages, and in any event it would not be admissible."

And defendant's bookkeeper, a witness called by it, was asked:

"Q. How much has the Camp Manufacturing Company advanced to Mr. Beck in money and in bills paid for him?

"Court: Excluded.

"Q. Did you hear a conversation between Mr. Beck and Mr. Williams [defendant's general superintendent] as to what the Camp Manufacturing Company was willing to do for him?

"Court:. Excluded.

"Q. Did Mr. Beck decline to accept a proposition, if such was made to him?

"Court: Excluded."

[1, 2] As respects the questions addressed to plaintiff it would be sufficient to observe: (1) That no exception was taken to the ruling and therefore the assignment of error is without the necessary basis; and (2) that, as plaintiff's examination in chief did not include the subject of hospital bills and medical attendance, he had the right to exclude that subject from cross-examination. Northern Pacific R. Co. v. Urlin, 158 U. S. 271, 276, 15 Sup. Ct. 840, 39 L. Ed. 977; Resurrection Gold Mining Co. v. Fortuna Gold Mining Co., 129 Fed. 668, 64 C. C. A. 180; Heard v. United States, 255 Fed. 829, 833, 167 C. C. A. 157.

· [3, 4] But the ruling is sustainable upon broader and less technical grounds. The complaint seeks recovery only for the physical injury suffered by plaintiff and not for any incidental expenses incurred by him. The answer on the merits merely denies negligence and sets up assumption of risk. It will thus be seen that the questions above quoted relate to matters not within the issues raised by the pleadings. The testimony sought to be brought out was therefore irrelevant. It did not tend to contradict the proof of damages made by the plaintiff, and so was properly rejected. Union Pacific Ry. v. Reese, 56 Fed. 288, 5 C. C. A. 510, affirmed in 163 U. S. 709, 16 Sup. Ct. 1207, 41 L. Ed. 307. In this connection it may be added that there was no avowal of what was expected to be proved by defendant's witness, and hence it does not affirmatively appear that error was committed in excluding his testimony. Sun Publishing Co. v. Lake Erie Asphalt Co., 157 Fed. 80, 82, 84 C. C. A. 584; Mercantile Trust Co. v. Hensey, 205 U. S. 298, 306, 27 Sup. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572.

Whilst there is some conflict of authority, it seems generally to be held in Code states that evidence in mitigation of damages in negligence actions is not admissible under a general denial. McKyring v. Bull, 16 N. Y. 304, 69 Am. Dec. 696; Latimer v. Cotton Mill, 66 S. C. 138, 44 S. E. 559. In 21 R. C. L. 115, it is said:

"Under the Code system of pleading [which prevails in South Carolina, where this action arose] payment is new matter constituting a defense and must be pleaded by the defendant, and it cannot be proven under a general denial either in bar or mitigation of recovery."

We need not expand the argument, as the ruling under review has been definitely approved by us in Anderson Lumber Corporation v.

Lehto, 282 Fed. 485, decided July 5, 1922. That case is directly in point and forecloses discussion in this court.

Second. On cross-examination plaintiff was asked if he had "ever taken a remedy designed to cure an attack of syphilis." This was excluded by the court, as was also the question asked of defendant's same witness, if he had heard plaintiff make a statement to Dr. Howell—another witness for defendant—"as to his having had certain diseases."

The first of these questions was properly excluded for reasons above stated, namely, that defendant was not entitled to cross-examine upon a subject not touched upon in the direct examination, and that the matter inquired about was not within the issues. Even if it be assumed that the second question was erroneously excluded, the error was unimportant, as Dr. Howell was afterwards allowed, without objection, to testify fully as to what plaintiff had told him about having had syphilis six or seven years before, and to express the opinion that the failure of plaintiff's broken bones to unite was due to the effects of that disease and the remedies taken therefor. Indeed, it is evident that the jury perfectly understood that plaintiff had been afflicted with the disease mentioned, and also understood defendant's claim of diminished damages in consequence thereof.

[5] The real contention of defendant, stressed in brief and oral argument, is that it can be held liable only for such injury, caused by its negligence, as would result to a person in normal health, and not for the greater and more permanent injury sustained by one suffering from a serious ailment. In other words, it says that the injury received by plaintiff would have been temporary, and his recovery practically certain within a reasonable time, if he had been in a normal state of health, and that the permanency of his injury results from the fact that he was afflicted with a venereal disease.

The contention is refuted by abundant authority and must be rejected. In 8 R. C. L. 436, title Damages, § 10, citing numerous decisions, the principle is stated as follows:

"It is the general rule that one who negligently inflicts a personal injury on another is responsible for all ill effects which, considering the condition of health in which the plaintiff was when he received the injury, naturally and necessarily follow such injury. Hence a defendant's liability is in no way lessened or affected by reason of the fact that the injuries would not have resulted had the plaintiff been in good health, or that they were aggravated and rendered more difficult to cure by reason of the fact that he was not in good health; in other words, if the presence of disease or existing physical condition aggravates and prolongs the injury and correspondingly increases the damages, such increased or added damages may be recovered. Nor can it be shown in mitigation of damages that the plaintiff's previous habits had been such as to lessen the probability of his complete recovery or to prolong or aggravate the suffering caused by his injury."

But defendant further contends that an exception to the rule should be made in a case where plaintiff's diseased condition is the result of his own vicious or immoral conduct. This contention also must be rejected, and for reasons so convincingly stated in Maguire v. Sheehan, 117 Fed. 819, 821, 54 C. C. A. 642, 644 (59 L. R. A. 496) that we quote them with approval:

"The defendants admit the general rule that, where a personal injury develops a latent disease, the person whose negligence caused the injury is liable to respond in damages for the results of the disease, as well as of the original injury; but they insist that a distinction should be made between different diseases. It is not denied that the rule applies to malaria, scrofula, rheumatism, erysipelas, cancer, and lockjaw, but it is said that it does not apply to ailments which are caused by voluntary and intemperate habits.

"We are not aware of any such exception to the general rule. The difficulties of establishing such an exception are apparent, as was aptly illustrated in the charge of the court below. How far a latent disease, called into activity by an injury, is the result of the habits or voluntary acts of the injured. is a matter of speculation, and necessitates the investigation of difficult and occult questions of cause and effect, which lie outside the scope of judicial inquiry. Beyond general expressions in some decisions, which at most are mere dicta, there is no authority cited by the defendants which supports their contention. As an almost universal rule, the courts have declined to recognize any such distinction, and it is only necessary to refer to the following cases."

The cases cited are Turner v. Railroad Co., 41 App. Div. 213, 58 N. Y. Supp. 490, Railway Co. v. Ferguson, 26 Tex. Civ. App. 460, 64 S. W. 797, and Sullivan v. Marin, 175 Mass. 422, 423, 56 N. E. 600, in the latter of which the court says, speaking of the plaintiff:

"If her previous habits had been such as to lessen the probability of her complete recovery, or to prolong or aggravate the suffering caused by her injury, that fact could not be shown in mitigation of damages."

The instructions to the jury on the subject of damages were well within the rule thus laid down by the authorities and not otherwise incorrect or misleading.

The judgment will be affirmed.