### CLEVELAND, C., C. & ST. L. RY. CO. v. ZIDER.

(Circuit Court of Appeals, Seventh Circuit. May 1, 1894.)

#### No. 127.

1. APPEAL—GENERAL EXCEPTION TO CHARGE.
   Under a rule of court requiring a party excepting to a charge to state distinctly the several matters of law to which he excepts, objections to instructions given cannot be considered on a general exception to the charge as an entirety.

2. SAME—GENERAL EXCEPTION TO REFUSAL OF INSTRUCTIONS.
   An exception to the refusal of "each and all" of instructions requested, consisting of a series of propositions submitted as one request, is not available.

3. CUSTOM AND USAGE—NEGLIGENCE—RAILROAD CAR ON SIDE TRACK.
   An employe of a car company, working on one of its cars placed on the side track of a railroad, was killed by the railroad company's switching engine running into the car. In an action against the railroad company therefor, the complaint alleged that the car company's unfinished cars were accustomed to be placed, with defendant's knowledge and consent, on its side tracks, to be there finished and made ready for shipment. *Held,* that evidence of an agreement between the companies for the use by the car company of the side tracks as a delivery track, but not for constructing or completing cars thereon, was immaterial, as it was not inconsistent with the alleged custom, and the railroad company would be bound to act in reference to such custom, whether it originated in an agreement or grew up independently.

4. SAME—DUTY TO GIVE NOTICE OF DANGER.
   Whether, under the circumstances, deceased should have given notice to the men in charge of defendant's engine of his being at work on such car, was a question for the jury; and, in view of the alleged custom, the presence of new cars on the track might be considered a sufficient notification, during the ordinary hours of labor, that workmen were probably engaged on them.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action by Alcinda O. Zider, administratrix of the estate of Henry A. Zider, deceased, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, for causing the death of plaintiff's intestate. The jury found a verdict for plaintiff, and judgment was entered thereon. Defendant brought error.

This was an action by the defendant in error against the plaintiff in error for the benefit of the widow and minor children of the intestate, whose death is alleged to have been caused by the negligent and wrongful acts of the

servants of the railway company. The action was commenced in the circuit court of Montgomery county, Ill., and removed thence to the court below, which, upon the verdict of a jury, gave the plaintiff judgment for $5,000. According to the averments of the complaint, the deceased was an employe of the Litchfield Car & Machine Company, a corporation engaged in the manufacture of railway cars at Litchfield, upon premises adjoining the defendant's railway, there being upon the grounds of the car and machine company railway tracks connected with the side tracks and main tracks of the railway company. Unfinished cars manufactured by the car and machine company were accustomed to be placed, with the knowledge and consent of the defendant, upon its side tracks, to be there finished and made ready for shipment on the defendant's road; and it is charged, in substance, that while the plaintiff's intestate was lawfully at work upon and under a car so placed for completion, of which the defendant then and there had notice, the defendant, by its servants in charge of a switching engine, carelessly, and with great force and violence, ran the locomotive and cars thereto attached against the car under which the deceased was at work, causing his death, without contributory fault on his part.

The instructions of the court to the jury contained the following clause, upon which error has been assigned: "The important and controlling question in this case is one of fact; and it relates to the notice or warning which should have been given by the defendant's servants in charge of the engine and cars before driving or running the same in contact with and striking the new standing cars on the delivery track, on one of which deceased was at work when he was injured. Before running its engine or cars onto this delivery track where deceased was at work, defendant should have given such signal or notice of warning as was reasonably calculated to apprise the deceased of danger; and, if such signal or notice was given, then the defendant would not be liable; but, if it was not given, then the defendant would be liable. Whether or not it was given is a pure question of fact, to be determined by you from all the evidence which has been introduced, either by the plaintiff or the defendant."

The bill of exceptions, not conforming to rule 10 of this court, shows only a general exception to the charge as an entirety.

John T. Dye (Evans Woollen and James A. Connolly, of counsel), for plaintiff in error.

James M. Truitt and G. L. Zink, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge (after making the foregoing statement). The objections to the instructions given cannot be considered, because the proper exception was not taken.

And under the decisions in Beaver v. Taylor, 93 U. S. 46, and Worthington v. Mason, 101 U. S. 149, the objection seems to be well made that the exception to the refusal of instructions is not available, because a series of propositions was submitted as one request, and no exception taken to the refusal of any one of them severally. According to the bill of exceptions, "each and all of the requested instructions the court refused to give, to which refusal the defendant then and there excepted." That is to say, there was one request, one refusal, and one exception. If it was intended to save an exception to the refusal of a particular one of the 11 propositions offered, or to the refusal of each one of them separately and severally from the others, the bill of exceptions should have been framed accordingly.

We are of opinion, however, that there was no error in refusing

any of the instructions asked. It is' evident that, in instructing the jury, the court proceeded upon the assumption that the plaintiff in error had authorized the car and machine company and its employes to place unfinished cars upon its side track, and it is insisted on behalf of the defendant in error that the evidence to that effect was without conflict and clear; but in the brief for the plaintiff in error it is said "that there was evidence tending to prove the contrary, and the defendant company was at least entitled to have the question left to the jury, under such instructions as the first, fifth, and eighth, which were refused." No reference, however, has been made in the brief or otherwise to the pages of the record where that evidence is to be found, and without such aid we are neither bound nor disposed to search for it. The party who alleges error must demonstrate it. It is insisted, however, that the court excluded testimony touching the subject, which, if admitted, would have shown that the car and machine company were entitled to use the side track of the defendant only for the purpose of delivering completed cars. The plaintiff in error, as the record shows, offered to prove by its agent Burtner "the existence of an agreement between himself, as representative of the C., C., C. & St. L. R. R. Co., and Mr. Maris, superintendent of the Litchfield Car and Machine Company, giving that company the right to use this track as a delivery track for their cars when completed; and that such agreement did not embody the right to use the track for the purpose of constructing or completing cars thereon." But if the agreement had been proved, as proposed, it would have presented or implied nothing inconsistent with the custom of finishing upon the track cars which had been placed there for that purpose before they were ready for delivery to the defendant, for its own use or to be transferred to other roads. The parties were bound to act in reference to that custom, whether it originated in an agreement or grew up independently. If, therefore, the rejected evidence had been admitted, it ought not to have affected the result. It is to be observed, too, that the proffered evidence and the preliminary statements of the witness, as they appear in the record, do not show when the agreement was made, or that it was in force when the wrong complained of was committed.

The second of the instructions requested is faulty in assuming that, under the circumstances developed in evidence, the plaintiff's intestate should have given notice, by signal or otherwise, to the men in charge of defendant's locomotive, of his being at work upon one of the cars on the track, when, at most, that was a question for the jury; and also in assuming that, in the absence of such notification, the defendant was under no duty to apprehend the presence of the plaintiff in the place of danger, and to avoid harming him. In view of the custom which prevailed of putting incomplete cars on the track to be finished while standing there, the jury might have considered the presence of new cars on the track as a sufficient notification during the ordinary hours of labor that workmen were probably engaged upon the cars, and were entitled to warning of any movement affecting their safety.

Objection was made to "statements made by counsel for the plaintiff in regard to testimony claimed by counsel for the plaintiff to be in evidence;" but, while the record shows the subject, it does not show the substance or character of the statements complained of, and for that reason presents no question for our consideration.

It was not material error to refuse the request to instruct the jury that it had nothing to do with the conduct of the defendant's engineer on any other occasion than the one in question. The jury was instructed with sufficient clearness that, in order to be entitled to recover, the plaintiff must have proved the defendant guilty of the wrongful acts of negligence or default set forth in the declaration, and it is not to be supposed that in that respect the jury could have misapprehended the issue.

By adducing testimony in its own behalf, the plaintiff in error waived its exception to the overruling of its motion that the evidence adduced in behalf of the plaintiff in the action be withdrawn from the jury, and a verdict directed in behalf of the defendant.

The judgment below is affirmed.