## RUSSELL v. RICHMOND & D. R. Co.

*(Circuit Court, D. South Carolina. August 14, 1891.)*

1. MASTER AND SERVANT — COUPLING CARS — USE OF STICKS—CONTRACT—WAIVING
   CLAIMS FOR INJURIES.
   Where a railroad company by rule forbids its brakemen going between freight-cars to couple them, and provides that coupling must be done by means of a stick, the company is not liable for the death of a brakeman who, in consideration of employment by the company, signed a written recognition of such rule, waiving all liability of the company to him for any results of disobedience thereof, when it appears that he understood what he was signing, that the company had provided coupling-sticks for the train, and that the death was the result of disobedience of the rule.

2. SAME.
   The paper signed by the brakeman was not a contract by the company exempting itself from liability for its own negligence.

3. SAME—AUTHORITY OF CONDUCTORS.
   Railroad freight conductors do not so far represent the company as to be authorized to rescind rules made by the company for the guidance of its brakemen in coupling cars.

At Law. Action by Mary A. Russell, administratrix, against the Richmond & Danville Railroad Company, for damage caused by death of her intestate.

Plaintiff's intestate, a brakeman on the railroad of defendant, was crushed to death between the cars on 12th February, 1890. He was brakeman on a freight train which had stopped at Westminster, in this state, and was on the siding, awaiting a passenger train. The train had been divided so as not to obstruct a crossing, and a car at the inner end of the division was loaded with lumber, with pieces projecting over this end of the car. When the passenger train passed, and the freight train was to be reunited, the intestate went to couple the cars. He went in between the two divisions without a stick, and, the locomotive backing down the front end of the train, he was caught and killed instantly. The testimony of plaintiff tended to show that the coupling gear was defective, and the mode of loading the car with lumber improper and dangerous, and that after the accident there was some neglect of the body. For the defense there was given in evidence the following paper, signed by the intestate on 24th January, 1890:

"RICHMOND AND DANVILLE RAILROAD COMPANY, A. & C. DIVISION.

"ATLANTA, GA., Jan. 24th, 1890.

"I fully understand that the rules of the Richmond & Danville R. R. Company positively prohibit brakemen from coupling or uncoupling cars, except with a stick, and that brakemen or others must not go between cars, under any circumstances, for the purpose of coupling or uncoupling, or for adjusting pins, etc., when an engine is attached to such cars or train; and, in consideration of being employed by said company, I hereby agree to be bound by said rule, and waive all or any liability of said company to me for any results of disobedience or infraction thereof.

                                                         his
"Witness: Z. V. RAINEY.                        PAT  X  RUSSELL.
                                                       mark.

"I hereby certify that before Pat Russell signed the above, as appears by 'his mark,' I read the same over to him, and carefully explained it.

"Z. V. RAINEY."

It was also proved that sticks for coupling had been provided, and were on this train. Other testimony was added replying to that of the plaintiff on other points. In reply plaintiff introduced evidence showing that brakemen and others on the trains of this company habitually coupled and uncoupled cars without the use of a stick, within the knowledge of conductors of trains. At the conclusion of the testimony defendants moved that the jury be instructed to find for defendant.

*Westmoreland & Haynesworth* and *W. D. Mayfield*, for plaintiff.
*Cothran, Wells, Ansel & Cothran*, for defendant.

SIMONTON, J., (*after stating the facts as above.*) There are two issues in this case. Was there negligence on the part of the defendant causing the death of the intestate? Did the intestate contribute to this casualty? If the evidence on these issues be conflicting, they must be submitted to the jury. But if the evidence on either of these issues "is undisputed, or is of such a conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it," the court can direct the verdict on the issue. *Railroad Co.* v. *Converse*, 139 U. S. 472, 11 Sup. Ct. Rep. 569. The undisputed testimony on the second issue is that the intestate signed the paper in evidence, dated 24th January, 1890; that on 12th February, 1890, notwithstanding the contents of that paper, he went between sections of a train to which a locomotive was attached, and attempted to couple cars without a stick, the conductor not being near him, or seeing or ordering it. This was the proximate cause of his death. It is contended with great earnestness and evidence of research that this paper is void as against public policy; that a railroad company cannot in advance contract with its employe for exempt on from the consequences of its own negligence. It is not necessary to decide this point. The paper in question does not contract for any such exemption on the part of the defendant. It is a declaration on the part of the intestate that the company will not be liable to him for the consequences of certain acts on his part, which the railroad company forbid him to perform. There can be no objection to this.

It is also maintained that this regulation is habitually disregarded, within the knowledge of conductors of trains, and must be held to be obsolete. There is no evidence that plaintiff's intestate ever disregarded this regulation before this time. It can scarcely be seriously maintained that a regulation recognized by him on 24th January, 1890, could be held obsolete by him on 12th February following. Nor am I prepared to say that the disregard of their duty by conductors could render obsolete a regulation of the company, nor that a conductor so far represents the company as to be authorized to rescind rules made by the corporation for his guidance, and for that of the train hands. The facts on this issue of contributory negligence being undisputed and being conclusive, the jury will find a verdict for defendant.