## LOUISVILLE & N. R. CO. v. WARD.

(Circuit Court of Appeals, Seventh Circuit. May 1, 1894.)

### No. 114.

1. JUDGMENT—MOTION IN ARREST—DEFECT IN PLEADING.
   A complaint against a railroad company for personal injuries to an employé, caused by a hole in its track, alleged that defendant, "by its servants," knew, or should have known, the condition of the track, but did not show that the servants referred to were not fellow servants of plaintiff. *Held*, that this was not ground for a motion in arrest, the complaint being sufficient irrespective of that allegation.

2. TRIAL—INSTRUCTIONS—STATING ISSUES.
   A statement, in an instruction upon the burden of proof, that defendant has interposed a general denial, is not objectionable as an assumption that such denial is the only defense interposed, especially where other parts of the charge sufficiently present the other defenses.

3. SAME—DIFFERENT POINTS INVOLVED.
   An instruction on a particular point or phase of a case is not erroneous merely because it does not cover some other point or phase,—even one correlative in character.

4. SAME—DETERMINING WEIGHT OF EVIDENCE.
   Where the testimony is conflicting, it is error to refuse to instruct upon the mode of determining the preponderance of the evidence.

5. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANTS—SAFETY OF PLACE OF WORK.
   Although a switchman and track repairers work in the same yard, and for the same general purpose of maintaining and operating the railroad of their common employer, if an injury to the switchman is caused by the trackmen negligently leaving a dangerous hole in the track, their negligence is attributable to the employer, in view of his positive duty to provide a reasonably safe place for the switchman's work, the measure of which duty is not changed by having it attended to by others. Railroad Co. v. Baugh, 13 Sup. Ct. 914, 149 U. S. 368, followed.

6. SAME—CONTRIBUTORY NEGLIGENCE—COUPLING CARS.
   The fact that a switchman, injured while coupling cars, by reason of a hole in the track, might have selected another place to make the coupling, if he desired, will not defeat his recovery for the injury, unless he knew, or ought to have known, of the danger incurred.

7. SAME—FAILURE TO USE COUPLING STICK—INSTRUCTIONS.
   In an action against a railroad company by a switchman for injuries received while coupling cars, alleged to have been caused by a hole in the track, it appeared that he had neglected to use a coupling stick, as required by the rules of the company. *Held*, that refusal of an instruction requested, that if he was injured by reason of such neglect he could not recover, was error, although a charge was given that, to entitle him to recover, it should appear that the hole in the track was the sole cause of the injury.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

This was an action by John Ward against the Louisville & Nashville Railroad Company for personal injuries. The jury found a verdict for plaintiff. A motion by defendant in arrest of judgment was denied, and judgment for plaintiff was entered on the verdict. Defendant brought error.

J. M. Hamill, for plaintiff in error.

A. R. Taylor, for defendant in error.

Before WOODS, Circuit Judge, and BAKER and SEAMAN, District Judges.

WOODS, Circuit Judge. The motion in arrest of judgment was properly overruled. Though inartistically drawn, the declaration, which is in trespass for a personal injury received by the plaintiff while employed as a switchman in the yard of the defendant at East St. Louis, by reason of a hole in the track, in which his foot was caught, shows a cause of action, and, if the allegations are in any particular imperfect, the verdict cured the defect. The one objection made to the complaint is directed to the averment "that the defendant, by its servants having charge of keeping said track in repair knew, or by the exercise of ordinary care would have known, of said defective condition of the track in time to have repaired same, and averted the injury to the plaintiff, yet they neglected to do so." But if it be true, as it is insisted, that the servants here referred to, for all that is averred, may have been fellow servants, for whose conduct or negligence the company was not responsible to the plaintiff, it is not material, because, irrespective of that allegation, the complaint is good against a motion in arrest, if not good even upon demurrer. After a description of the track at and near the place of the injury, it is charged that the defendant was negligent in maintaining the track in the dangerous and defective condition which caused the injury. If the defendant did not know of the defective condition of its track, and under the circumstances its lack of knowledge was not culpable, it is not true that it had been negligent as charged; and it was therefore competent to prove what was necessary in that respect to establish the defendant's responsibility.

In instructing the jury the court said: "The defendant has interposed a general denial of all acts of negligence, and in this suit the pleadings throw the burden upon the plaintiff," etc.; and it is urged that this statement erroneously assumed that a denial of all acts of negligence was the only defense interposed, when in fact the defendant was insisting that the plaintiff was injured by his own negligence and by the negligence of fellow servants. This part of the charge was intended to locate the burden of proof, and not to constitute a formal statement of the issues, though it was accurate enough for that purpose, as the defendant had interposed only the plea of not guilty. Besides, other parts of the charge cor-

rectly and sufficiently presented the question of contributory negligence.

If the court erred in not instructing upon the doctrine that a servant has no remedy against the master for an injury caused by the negligence of fellow servants, it is not because of the mere omission to speak on the subject, but because of the refusal of the court to give special instructions which were asked. A proper instruction upon a particular point or phase of a case cannot be said to be erroneous merely because it does not cover some other point or phase, even though it be correlative in its character. For instance, the court, in this case, instructed "that the duty was imposed by law upon the defendant to use reasonable care to prevent an accident to the plaintiff;" but that did not involve, as is contended, an assumption that the plaintiff was not bound to use care to avoid danger. There was, however, no omission to instruct clearly and fully upon the latter point. The jury was instructed, not only that the plaintiff "must have exercised ordinary care and watchfulness in the manner of making the coupling," which is criticised as limiting his diligence to the act of coupling alone, but was told, further and generally, that he must have been, when the injury occurred, "in the exercise of due care for his own safety." If an instruction in any respect more explicit was desired, it should have been asked.

Of the special instructions asked and refused, the most important, not covered by the charge given, was the following:

"If the plaintiff and the section men working on defendant's road, who worked on the track in the East St. Louis yards, were in the employment of the same master, and engaged in the same common employment, in carrying on the same general business of the defendant, they were in law fellow servants of the same master; and, if the plaintiff was injured by the negligence of any of the section men who worked on defendant's road in the East St. Louis yards, then he cannot recover."

Numerous decisions on the subject have been cited, but the rule declared by the supreme court in Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, is claimed to be broader, more comprehensive and far-reaching than any heretofore announced by that court. We therefore quote from the opinion in that case portions which we deem to be especially pertinent to the present case. On page 383, 149 U. S., and page 914, 13 Sup. Ct., after stating the doctrine of the Ross Case, 112 U. S. 377, 5 Sup. Ct. 184, that the conductor of a train has the control of a distinct department and represents the master, the court says:

"But this rule can only be fairly applied when the different branches or departments of service are, in and of themselves, separate and distinct. Thus, between the law department of a railway corporation and the operating department, there is a natural and distinct separation,—one which makes the two departments like two independent kinds of business, in which the one employer and master is engaged. So, oftentimes, there is in the affairs of such corporation what may be called the manufacturing or repair department, and another strictly operating department. These two departments are, in their relations to each other, as distinct and separate as though the work of each was carried on by a separate corporation."

And on page 386, 149 U. S., and page 914, 13 Sup. Ct.:

"Again, a master employing a servant impliedly engages with him that the place in which he is to work, and the tools or machinery with which he is to work, or by which he is to be surrounded, shall be reasonably safe. It is the master who is to provide the place and the tools and the machinery, and, when he employs one to enter into his service, he impliedly says to him that there is no other danger in the place, the tools, and the machinery, than such as is obvious and necessary. Of course, some places of work and some kinds of machinery are more dangerous than others, but that is something which inheres in the thing itself, which is a matter of necessity, and cannot be obviated. But, within such limits, the master who provides the place, the tools, and the machinery owes a positive duty to his employé in respect thereto. That positive duty does not go to the extent of a guaranty of safety, but it does require that reasonable precautions be taken to secure safety; and it matters not to the employé by whom that safety is secured, or the reasonable precautions therefor taken. He has a right to look to the master for the discharge of that duty, and if the master, instead of discharging it himself, sees fit to have it attended to by others, that does not change the measure of obligation to the employé, or the latter's right to insist that reasonable precaution shall be taken to secure safety in these respects. Therefore, it will be seen that the question turns rather on the character of the act than on the relations of the employés to each other. If the act is one done in the discharge of some positive duty of the master to the servant, then negligence in the act is the negligence of the master; but, if it be not one in the discharge of such positive duty, then there should be some personal wrong on the part of the employer before he is held liable therefor."

After quoting here from the opinion in Railroad Co. v. Moore, 29 Kan. 632, 644, the court adds:

"It would be easy to accumulate authorities on these propositions, for questions of this kind are constantly arising in the courts. It is enough, however, to refer to those in this court. In the cases of Hough v. Railway Co., 100 U. S. 213, and Railroad Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, this court recognized the master's obligation to provide reasonably suitable place and machinery, and that a failure to discharge this duty exposed him to liability for injury caused thereby to the servant, and that it was immaterial how or by whom the master discharged that duty. The liability was not made to depend in any manner upon the grade of service of a coemployé, but upon the character of the act itself, and a breach of the positive obligation of the master."

While the exact question in that case was whether or not, under the circumstances stated, the engineer in charge of the locomotive was, in respect to the fireman who was hurt, a representative of the master, or only a fellow servant, the portions of the opinion which we have quoted enunciate very clearly—and, for us, authoritatively—the propositions that the master employing a servant impliedly engages that the place in which he is to work shall be reasonably safe; that he owes a positive duty to his employe in that respect; that if, instead of discharging that duty himself, he sees fit to have it attended to by another, that does not change the measure of his obligation; that the question of the master's responsibility turns rather on the character of the act than on the relation of the employés to each other, and no matter by whom done, if the act is one in the discharge of some positive duty of the master, then negligence in the act is the negligence of the master. It is not material, therefore, that the switchman, who in this instance was injured, and the track repairers, whose negligence caused the injury, worked in the same yard, and for the same general purpose of maintaining and operating the railroad of their common employer. It was a duty which

under implied contract, the railroad company owed to the switch-
man, to keep the yard and tracks where he was employed to do his
work—hazardous enough under the most favorable conditions—
in a reasonably safe condition; and if the trackmen to whom the
discharge of that duty was intrusted negligently left in the track,
and between the ties, which they had recently been ballasting, a
dangerous hole, which caused the injury complained of, their negli-
gence was attributable to the plaintiff in error, and the case was
properly submitted to the jury without reference to the question of
responsibility for injuries caused by fellow servants.

The court was asked, and refused, to give the following instruc-
tion:

"If you believe from the evidence that the plaintiff voluntarily selected and
chose the place where he went in between the cars to make the coupling,
when, if he had desired so to do, he could have selected another place to make
the coupling, then he cannot recover."

There was no error in refusing this, and another instruction sub-
stantially like it, because they left out of view the inquiry whether
the plaintiff knew, or ought to have known, of the danger incurred
by making the attempt where it was made.

Though the testimony in the case was conflicting, the court gave
no instruction touching the credibility of witnesses and the weight
of evidence, and refused the following asked by the appellant:

"In determining where 'the weight or the preponderance of the evidence
lies, you cannot arbitrarily, and without cause, disregard or set aside the evi-
dence of any of the witnesses whose testimony has not been successfully con-
tradicted or impeached; but you should carefully and impartially weigh the evi-
dence of all of the witnesses whose evidence has not been successfully contra-
dicted or impeached.—taking into consideration their manner and bearing
on the witness stand, their means of knowledge about the matters to which
they have testified, and what interest, if any, they have in the matters in-
volved in the controversy,—and from all these circumstances, as well as
from the number of witnesses who have testified to one or more facts at is-
sue in this case, determine where the true preponderance of the evidence lies,
and render your verdict accordingly."

No objection to this request has been pointed out, and we perceive
none.

By the rules of the railroad company, coupling sticks were re-
quired to be furnished to switchmen, couplers, and freight-train
brakemen, and the coupling of cars by hand strictly forbidden. The
defendant in error admitted his knowledge of the rules in this re-
spect, and testified that he had been supplied with a coupling stick,
that he did not use it, and that when he was hurt he was attempting
to make the coupling by hand. Upon these facts the court was
asked, but refused, to instruct that if the plaintiff was injured by
reason of his neglect to use the coupling stick he could not recover.
On this subject a number of cases are cited by the plaintiff in error,
including Wolsey v. Railway Co., 33 Ohio St. 227, 229; Lyon v. Rail-
road Co., 31 Mich. 420; Gardner v. Railroad Co., 58 Mich. 584, 26 N. W.
301; Russell v. Railroad Co., 47 Fed. 204. But it is insisted, on the
other hand, that these authorities are not applicable, because, under
the charge which the court gave, the verdict necessarily means that
the accident was caused solely by the hole in the track, and that

the coupling stick was in no way connected with it. While the court did instruct to the effect that, to entitle the plaintiff to recover, it should appear that the hole or depression between the ties was the sole cause of the injury, it is impossible to say that if the further instruction asked had been given the jury would not have found that the plaintiff's neglect to use the coupling stick, and his undertaking to effect the coupling by hand, were efficient contributory causes. The instruction asked should have been given, and if there were considerations—of which, however, no suggestion has been made here—tending to show that in this instance the failure of the plaintiff to comply with the rules of the company was not culpable, or did not contribute to the injury, they should have been submitted to the determination of the jury.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.