VIDER et al. v. O'BRIEN.

(Circuit Court of Appeals, Seventh Circuit.    May 31, 1894.)

No. 124.

1. APPEAL—OBJECTIONS NOT RAISED BELOW—EXCEPTIONS TO CHARGE.
    An exception to the judge's "charge in its entirety, and to the following portions thereof," followed by a series of propositions embracing substantially all of the charge, is not good where any part of the charge is correct.

2. SAME—ASSIGNMENTS. OF ERROR.
    Under a rule of court requiring an assignment of errors to "set out separately and particularly each error asserted and intended to be urged," there should be a separate assignment of error in respect to each part of the charge which is alleged to be erroneous.

3. SAME—BRIEFS.
    Under a rule of court requiring appellant's brief to contain a specification of the errors relied on, each specification of the brief should conform substantially to the particular assignment of error on which it is based.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This was an action of assumpsit by M. W. O'Brien, trustee, against Olof Vider, William Kinsela, Michael J. Labounty, Charles Netterstrom, and Hugh Naughton. At the trial, the jury found for plaintiff. Judgment for plaintiff was entered on the verdict. Defendants brought error.

H. H. Anderson (J. J. Parker, of counsel), for plaintiffs in error.
Kraus, Mayer & Stein, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. The plaintiffs in error were the defendants below. The bill of exceptions shows that, at the conclusion of the court's charge to the jury, "the defendants then and there duly excepted to said charge in its entirety, and to the following portions thereof;" and there follows a series of 10 or more propositions, embracing substantially all of the charge except the statement of the case. That such an exception is not available, if any one of the portions excepted to is good, is settled by numerous decisions, as well as by rule 10 of this court (1 C. C. A. xiv., 47 Fed. vi.), which requires that the party excepting to the court's charge shall "state distinctly the several matters of law in such charge to which he excepts." A general exception to the giving or refusing of a series of instructions is not good. Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832; Beaver v. Taylor, 93 U. S. 46; Worthington v. Mason, 101 U. S. 149; Railway Co. v. Zider, 61 Fed. 908.

The assignments of error are also defective. Neither the original assignment, nor an additional assignment which the record shows to have been filed some days later than the first, conforms to the requirement of rule 11, that an assignment "shall set out separately and particularly each error asserted and intended to be urged," and, "when the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be instructions given or refused." This means, clearly, that there must be a separate assignment of error in respect to each part of the charge which is alleged to be erroneous, or, to say the least, if it is sought by a single specification of error to bring into question more than one proposition, it must be distinctly alleged that there was error in giving, or in refusing, each severally of the propositions which it is intended to challenge. The language of the assignment here is: "The court erred in charging the jury as follows;" and there follows the same series of propositions to which the general exception is shown to have been taken.

There has been a failure, it is to be further noted, to comply with the requirement of rule 24, that the brief of the plaintiffs in error, after giving a concise statement of the case, shall contain a specification of the errors relied upon. A comparison of the language of this rule with that of rule 11 shows the intention to be that each specification of the brief shall conform substantially, if not literally, to the particular assignment of error on which it is predicated. And for convenience there ought to be, with each specification in the brief, a reference to the corresponding assignment of error, as well as to the place in the bill of exceptions or other part of the record where the alleged error is shown. It is possible that a painstaking search and comparison would show some of the numerous specifications of the briefs in this case to be substantially the same as some of the numerous assignments of error, but such search and comparison ought not to be imposed upon the court. The relation of each specification to its corresponding assignment should be in some way distinctly indicated.

Of the various objections made to the introduction and exclusion

of evidence it would serve no good purpose to make particular state-
ments. The record shows no ruling of which the plaintiffs in
error may justly complain.

The judgment below is affirmed.