ATCHISON, T. & S. F. R. CO. v. MULLIGAN.

(Circuit Court of Appeals, Seventh Circuit. May 8, 1895.)

No. 183.

1. APPEAL—ASSIGNMENT OF ERROR.
   An assignment of error which states that "the court erred in giving to the jury the following instructions," enumerating several distinct propositions, is not in conformity with a rule requiring that the assignments "shall set out separately and particularly each error asserted." Jenkins, Circuit Judge, dissenting.

2. SAME—TECHNICAL ERRORS.
   A court will not disregard a departure from strict compliance with its rules as to the assignment of errors, in order to notice an error which is technical and probably immaterial.

**3. MASTER AND SERVANT—QUESTION FOR JURY.**

In an action for damages, brought by an employé of a railway company, who had been injured by falling from the footboard of an engine, the plaintiff testified that the board gave way under him, and it appeared that after the accident the board was found to be broken. *Held*, that it was a question for the jury to determine whether the board was unsound or insecurely fastened, or was broken by plaintiff's fall.

**4. SAME—FELLOW SERVANTS.**

A locomotive engineer, charged with the duty of inspecting his engine, is not, in respect to the duty of such inspection, a fellow servant of a hostler's helper engaged in switching engines in the railroad yard.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an action by Patrick Mulligan, alias Patrick Guiver, against the Atchison, Topeka & Santa Fé Railroad Company for personal injuries. The plaintiff recovered judgment in the circuit court. Defendant brings error. Affirmed.

E. A. Bancroft, Charles S. Holt, and Eldon J. Cassoday (George R. Peck, of counsel), for plaintiff in error.

Albert S. Thompson and John F. Waters, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. This was an action in the nature of trespass upon the case for a personal injury received by the appellee, Patrick Mulligan, alias Patrick Guiver, while in the employ of the appellant, the Atchison, Topeka & Santa Fé Railroad Company, as a hostler's helper, his duty being to assist in the switching of engines in the yards of the company near Chicago. It is alleged that the footboard on the front of the engine about which the plaintiff was engaged when hurt was defective, unsound, unsafe, unsuitably and improperly constructed, adjusted, and secured, and that while the plaintiff in the performance of his duty was attempting to get upon the same it gave way, and caused him to fall under the engine, whereby he was injured. Negligence in other respects is averred, but the court by its first, second, fourth, and fifth instructions, which are set out in the margin,[1] restricted the jury to the ques-

---

[1] (1) Among other duties averred in the declaration to have been imposed upon the defendant by the contract of employment, was to furnish plaintiff, for the performance of his labors in that behalf, an engine, upon and around which to work, safe, sound, properly constructed and equipped with fenders or guards, and with sound, safe, and suitable footboards, and in every way suitable for plaintiff's work upon and around the same. Several breaches of these alleged duties are assigned, but that to which the evidence has been particularly directed is the one alleging that the footboard on said engine was defective, unsound, unsafe, unsuitably and improperly constructed, adjusted, and secured, and that while plaintiff in the performance of his duty was attempting to get upon the same it gave way, causing plaintiff to fall, and the engine injured him, etc.; and the plaintiff's testimony was by the court substantially limited to this averment as to the character and condition of the footboard and the connection between the same and plaintiff's injury.

(2) The general issue was pleaded by the defendant, and this threw the burden upon the plaintiff to establish by the weight or preponderance of the

tion of the plaintiff's right to recover on account of the defective construction and condition of the footboard. This being so, the objections made to testimony which was admitted concerning negligence in other particulars are immaterial, and need not be considered. The evidence concerning the push pole, which at the time of the accident was upon the front of the engine when its proper place was elsewhere, was admissible to show the circumstances of the injury; and under the court's charge the jury could not reasonably have regarded it as more than an incidental matter.

The third and fourth specifications of error, which relate to the giving and refusing of instructions, do not conform to the requirement of our rule 11, that the assignment "shall set out separately and particularly each error asserted and intended to be urged." The third assignment is that "the court erred in giving to the jury the following instructions," and there follow portions of the instructions given to the number of five, some of which certainly are free from essential fault. The fourth assignment is that "the court erred in refusing to give to the jury the following charges, which were severally requested and severally refused"; and there follows a series of twelve requests for instructions, some of which it was not error to refuse, because they were embraced in the charge given, and some of which it would probably have been error to give. It has been often decided that a general exception to the giving or refusing of a series of instructions is insufficient. Vider v. O'Brien, 18 U. S. App. ——, 10 C. C. A. 385, 62 Fed. 326, and cases cited; and even though, as in this case, the exceptions be properly taken, an assignment of error in respect to instructions will not be good which does not specify separately each error relied on. In addition to the words quoted, the third assignment contains the statement that counsel for the defendant excepted to each portion of the charge complained of, but, while that statement or the substance of it is essential to the bill of exceptions, as a part of the specification of error it is irrelevant

evidence that, while in the exercise of due care and diligence, he, the plaintiff, while attempting the performance of the duties he had undertaken to perform for the defendant, was injured by reason of the unsafe, unsound, or improperly constructed footboard attached to defendant's engine.

(4) Under the rules of law, the plaintiff, at the time he entered the service of the defendant, assumed all the ordinary risks incident to the business or employment he undertook to perform, and the undertaking of the defendant was to furnish reasonably safe machinery and appliances for the service in which the plaintiff was engaged. An accidental injury sustained by the plaintiff while engaged in defendant's service of itself creates no liability against defendant, but, in order to fix such liability, the weight of the testimony must show or satisfy you that plaintiff, while using due care, was injured by means or reason of the improper construction or unsafe and unsound condition of the footboard, and that the defendant either had notice of such defective footboard, if it existed, in time to repair it before the injury, or could or should have known of such defects had reasonable care been taken to properly inspect and keep and maintain the same in repair.

(5) You are the peculiar judges of the evidence on the questions of whether plaintiff was exercising ordinary care at the time of the injury, and also as to whether defendant was negligent in not furnishing an engine equipped with proper and safe footboard, or in failing to maintain the same in repair, and also as to whether plaintiff's injury resulted from defendant's negligence with reference to such footboard.

and serves no purpose. As stated in Vider v. O'Brien, there must be a separate assignment in respect to each part of the charge which is alleged to be erroneous, or, at least, it must be distinctly alleged that there was error in giving or refusing each severally of the propositions which it is intended to challenge. In short, the same rule governs the saving of exceptions and the assigning of errors, and upon reason it should be so.

In some respects the instructions given are objectionable, and some of the requests which were refused ought perhaps to have been given, but the errors are technical, and probably did not affect the result. For instance, the court instructed that "the undertaking of the defendant was to furnish reasonably safe machinery and appliances for the service in which the plaintiff was engaged," when the instruction should have been to the effect that the defendant was bound to use reasonable diligence to furnish safe machinery and appliances. This, besides not having been made the subject either of an exception or an assignment of error separately from other distinct propositions in the charge, is, so far as it goes, the same as an instruction which the appellant asked to be given. Again, the third instruction asked and refused was to the effect that the plaintiff could not recover on account of the manner in which the footboard was constructed. The board was made of oak, was about two inches thick and ten or twelve inches wide. There was certainly no danger that jurors could be made to think such a board, if securely fastened, unsafe merely because the stirrups on which it rested did not by two or three inches extend entirely to its outer edge. The plaintiff's theory of the case as developed at the trial and insisted upon was that the accident was caused by a crack in the board, which, beginning at the end, ran lengthwise on a line about three inches from the front edge, and had negligently been permitted to remain. The jury had a right to consider the manifest fact that the danger from such a defect in the footboard was enhanced by reason of the shortness of the stirrups, but that it was necessary to instruct against a finding of negligence in the manner of original construction alone can hardly be believed without attributing to the jury a want of ordinary intelligence.

If it were apparent that either in giving or refusing instructions the court had committed an essential error, to the probable injury of the appellant, we should not be inclined to insist upon a strict compliance with our rule in respect to the assignment of errors, though it is expressed in very clear terms, and need not be misunderstood. By the last clause of the rule, "the court at its option may notice a plain error not assigned," or, of course, one defectively assigned; but when, as in this case, the error itself is technical, and it can be said, not with certainty but with great probability, that it did not affect the verdict, the rule may well be applied with strictness. It is always a matter of regret when a judgment or decree must be reversed for errors which may or may not have affected the result, and we deem it a sound public and judicial policy to hold in such cases that a technical error must be technically well assigned.

The fifth and sixth assignments are not insisted upon, and it remains to consider only the first, which is to the effect that the court erred in refusing to direct a verdict for the defendant. Four reasons are assigned why that should have been done, namely: (1) That there was no evidence fairly tending to show negligence of the defendant causing the injury; (2) that the accident was the result of the usual hazards of the employment which the plaintiff assumed; (3) that the plaintiff had the same opportunity for discovering the condition of the footboard that the defendant had, and it was equally his duty to discover defects which were obvious; and (4) that, if there was negligence in failing to discover the defective condition of the footboard, it was the negligence of the engineer, whose duty it was to make the inspection, and who was a fellow servant of the plaintiff.

We are not able to say that the evidence did not justify the submission of the question of negligence to the jury. From the mere fact that the footboard gave way under the appellee, as he testified and presumably the jury found that it did, the natural, if not necessary, inference would be either that the board had become unsound, or was insecurely fastened; and the inference that it had become unsound is supported by the evidence offered of the condition of the board after the accident. That condition, it is true, might be accounted for on the supposition of the appellant that the board was split by reason of its contact with the appellee after his fall, but that would be inconsistent with the testimony of the appellee that his fall was caused by the board's giving way. Between the conflicting theories of the accident it was the province of the jury to decide, though it could be done only by inference. There is in the case no question of notice to the appellant of the defective condition of the footboard. The duty of inspection, it is conceded, was intrusted to the engineer, who had daily charge of the engine, and without fault could not have failed to discover the condition of the footboard if it had become so unsound as to give way in the manner asserted. The contention of the appellant that the split in the board, which was discovered after the accident, was caused by contact with the appellee after he had fallen, as already stated, is inconsistent with the testimony of the appellee that it gave way when he stepped upon it. If the jury believed that testimony, as it had a right to do, it must have rejected the theory of the appellant, and have adopted that of the appellee that the board was defective when he stepped upon it, either by reason of long use and decay or of recent injury. This was a question for the jury, and, the judge below having given his sanction to their verdict, it is not our duty to set it aside. In respect to the duty of inspection the engineer represented the company, and was not a fellow servant of the appellee. Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914; Railroad Co. v. Ward, 10 C. C. A. 166, 61 Fed. 927. While the appellee should be regarded as having assumed the ordinary hazards incident to his employment, and in emergencies perhaps was bound to protect himself against obvious dangers of whatever character, neither to himself nor to the company was he under a duty to inspect

the engines, about which he worked, in search of hidden and unapprehended sources of danger. That was the duty of the company. Railroad Co. v. Kelly, 11 C. C. A. 260, 63 Fed. 407. Whether or not the unsound condition of the footboard was obvious, and should have been perceived by the appellee, was a question of contributory negligence, in respect to which the appellant had the burden of proof, and consequently could not ask that it be withdrawn from the jury. The judgment below is affirmed, at the costs of the appellant.

JENKINS, Circuit Judge (dissenting). I am constrained to dissent from the judgment of the court. The rule invoked to prevent the consideration of the errors assigned requires that an assignment of errors "shall set out separately and particularly each error asserted and intended to be urged." The third assignment alleged that the "court erred in giving to the jury the following instructions." Then follow, properly numbered and in numerical order, five specific instructions, separately stated. The bill of exceptions declares that each of these instructions was given, and that the plaintiff in error specifically excepted to the giving of each of them. The fourth assignment declares that the "court erred in refusing to give to the jury the following charges, which were severally requested by the defendant and severally refused by the court." Then follow, properly numbered and in numerical order, twelve specific instructions requested to be given, which are separately stated. The bill of exceptions declares that the "court refused to give said instructions, or to give any or either of them, to which refusal as to each of said instructions the defendant then and there duly excepted." I am of opinion that the errors asserted are "separately and particularly stated," within the true intent and meaning of the rule. I am able to perceive no possible good to result from the requirement that each particular instruction or request shall be prefaced with the formal assertion of error in giving or refusing. Such requirement would only incumber the record with useless repetition. It is, to my thinking, much more orderly to assert the errors by classes, as here was done; the errors of admission of evidence, the errors of exclusion of evidence, the errors in refusing requests to charge, and the errors in the charge being assembled in separate classes, each error within its class being separately stated and particularly numbered. The court cannot then be misled or confused. Such presentation of errors, in my judgment, accords both with the spirit and the letter of the requirement. The purpose of the rule is to obtain an orderly presentation of the errors relied upon, that the court may at a glance, and without laborious search, ascertain the precise grounds asserted against the integrity of the judgment. The rules are rules of order and of convenience. They are not designed to prevent the correction of obvious errors. They are not traps for the unwary, not "springes to catch woodcocks." The rule itself expressly reserves to the court the right at its option to notice a plain error not assigned. The rule is a counterpart of a like provision in the rules of the supreme court. I find, in the opinions

of that court construing the rule, no suggestion of a construction of it so technical as that declared in the opinion of the court. I cannot but think that the ruling of the court in this regard is a sacrifice of substance to form. If I am correct, the errors assigned are before us for review.

I agree that the plaintiff in error cannot be heard to object to the instruction with respect to the duty of the company in the matter of furnishing reasonably safe machinery and appliances. And this because—First, the charge in the respect complained of was substantially in the language of the twelfth request tendered by the plaintiff in error, and it does not appear that the attention of the court was directed to the particular language employed; and, second, the portion of the charge excepted to embraces an instruction respecting the assumption of risk by the defendant in error which is not complained of and which was correct. The exception was single to the charge embracing both the correct and erroneous instruction. It is well settled that in such case, if any part of the charge within the exception be correct, the exception is unavailing. The same observations, in my judgment, hold good with respect to the other parts of the charge presented as erroneous. I think, however, that certain of the instructions requested, and not covered by the charge, should have been given. The second request was as follows: "No recovery can be had by the plaintiff in this case on account of the position of the push pole upon the locomotive at the time of the accident." The declaration originally filed had but one count, and asserted the accident to have been caused solely by reason of the presence of the push pole. That count asserts that the defendant in error stepped upon the footboard of the engine; that almost immediately thereafter he brushed against and felt a rod or pole, which he afterwards learned was a push pole for pushing cars in the railroad yards, projecting from the front part of the engine; that he grasped hold of it for support, whereupon, being unsecured, it suddenly gave way, and caused the plaintiff to fall, and he was with great violence thrown to the ground, etc. The declaration originally filed avers the negligence of the company causing the injury to consist in allowing the push pole to be placed on the front part of the engine in an unsafe and insecure manner, where it improperly belonged. Upon his examination the defendant in error stated that this pole was in common use about the engine by the switchmen, and was usually placed on the tank, where it could be most conveniently obtained for use. Under objection and exception, he was permitted to testify that it was not customary for the employés to place the push pole in front of the engine. The evidence at the trial disclosed, according to the theory of the defendant in error, that the injury resulted from the breaking of the footboard, and that as the board broke the defendant in error reached out for support, and grasped the push pole lying unfastened upon the front part of the engine. It is entirely clear that the injury was in no respect caused by the presence of the push pole, and the instruction should have been given. The original declaration asserted the presence of the push pole as the principal inducing cause of the

injury. It was not so in fact. Its presence upon the engine did not tend to establish negligence on the part of the company. It was placed there by some employé, and, if it was negligently and improperly so placed, it was so done through the negligence of a fellow servant, and was one of the risks of service assumed by the defendant in error. It is true that the court in its charge states that the evidence had been particularly directed to the defective footboard, and that the testimony on the part of the plaintiff had been by the court substantially limited to the averment respecting the character and condition of the footboard and the connection between the same and the plaintiff's injury. But this did not exclude from the consideration of the jury the evidence with respect to the presence of the push pole upon the engine, or its alleged connection with the injury. The court should have withdrawn that matter wholly from the consideration of the jury. It cannot be safely affirmed that the evidence concerning the push pole and the refusal of the court to give the instruction requested did not influence the jury to the injury of the plaintiff in error. I conceive it to be the duty of the trial court, in cases of this character especially, to eliminate from the case, so far as possible, all extraneous considerations, and all irrelevant testimony, and to specifically charge the jury, when so requested, that particular evidence which has been improvidently admitted, or a particular fact asserted in the declaration as the moving cause of the injury but which has no legitimate connection with it, should be disregarded by the jury.

I am also of opinion that the third instruction requested should have been given. That instruction was as follows:

"The plaintiff has alleged in his declaration that the defendant was negligent in the manner of the construction of the footboard of the locomotive from which the plaintiff fell. The only fact appearing in evidence relied upon to sustain this charge is that the iron hangers or stirrups upon which the footboard rested did not extend entirely to the outer edge of the board. This fact is admitted, and it further indisputably appears from the evidence, that other locomotives of the defendant were constructed in the same manner, and that this locomotive, so constructed, had been in use by the plaintiff for several months prior to the accident. Upon these facts you are instructed that the plaintiff cannot recover in this case on account of the manner in which such footboard was constructed."

The declaration had been enlarged by the addition of two counts; the one asserting failure of duty in respect of construction, and the other in respect of repair of the footboard. This footboard was an oak plank some two inches in thickness. It appeared in evidence that most, if not all, of the locomotives in use by the company were constructed in like manner with this one. It also appeared that such was the general manner of construction, and that it was safe if the board were sound. It also appeared that the defendant in error had been accustomed to ride upon this footboard for some four months prior to the injury. The manner of its construction was open and notorious. It seems to me to be a great stretching of the rule of liability to say that, under such circumstances, the jury may declare that there was improper construction or original failure of duty by the company with respect to this appliance.

Upon the theory of the defendant in error as developed at the trial, the accident was occasioned by reason of the crack in the footboard negligently permitted to remain in that condition. The fault of the company, if any, was in this, and not in the manner of construction of the footboard. It may be true, as asserted in the opinion of the court, that the manner of its construction was a fact proper to be considered by the jury in connection with the alleged defect in the footboard, because enhancing the danger from the defect and emphasizing the duty to repair. The error, however, is in this: That not only was there no instruction against liability in respect to the original construction, but there was express submission of the case upon that ground. If an instruction against such liability would have been—as asserted by the court—impeachment of the intelligence of the jury, what shall be said of a charge which expressly submitted the question of failure of duty in respect of construction as ground of liability? The court failed to discriminate between liability for failure of duty in the original construction of the footboard, and negligence in respect of its repair. The case was submitted with sanction to the jury to declare liability upon either or both hypotheses. It may well be that under such charge the jury arrived at their verdict upon the conclusion that the company should have provided hangers or stirrups extending entirely to the outer edge of the board, and not upon any supposed negligence with respect to keeping the board in repair. I think it was clearly erroneous for the court to refuse the instruction requested. These errors are not technical, but substantial, and should, I think, operate to the granting of a new trial.

I agree with the court that there was evidence in respect to keeping the footboard in repair sufficient to carry the case to the jury; but I think that the submission of the case should have been limited to that ground, the only one upon which a verdict could be sustained.