### NORTH CHICAGO ST. R. CO. v. ST. JOHN.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1898.)

#### No. 457.

APPEAL AND ERROR—BILL OF EXCEPTIONS.

An objection and exception to the admission of evidence are not available on error where the grounds of objection are not stated in the bill of exception. The omission is not cured by a statement of the grounds in the assignments of error.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

C. Le Roy Brown, for plaintiff in error.

Thomas S. McClelland, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This was an action against the plaintiff in error, the North Chicago Street-Railroad Company, for personal injuries suffered by the defendant in error, Susan H. St. John, by reason of a sudden and untimely start of the car from which she was stepping, whereby she was thrown prostrate upon the pavement. It was alleged in the declaration, as a special ground of recovery, that the plaintiff was a portrait painter, and suffered an impairment of her capacity to practice her art. The jury assessed the damages at $25,000, but the court, on consideration of a motion for a new trial, having entered an order that, unless within the time stated the plaintiff should remit three-fifths of the amount, a new trial would be granted, the remittitur was duly entered, the motion for a new trial overruled, and judgment given for two-fifths of the amount of the verdict. The assignment of errors contains five specifications, but reliance is placed only upon the first, which is that "the court erred in the admission of evidence offered by the plaintiff in the following instances, to wit"; and following this is a statement of questions propounded to the plaintiff, and to other witnesses called in her behalf, showing that in more than 100 instances objection was made and overruled, and exception saved, sometimes to the question, sometimes to the answer, and sometimes to the overruling of a motion to exclude testimony already admitted, but in no instance showing any ground or reason for the objection or motion. In the assignment of errors, following a question to the plaintiff touching her capacity as an artist to earn money, is a statement that the question was objected to because "incompetent, immaterial, speculative, remote, and purely problematical"; but such a statement in an assignment of errors is out of place, and does not supply a failure to state in the bill of exceptions the grounds of objection. The proposition would seem to be an obvious one. It was expressly affirmed in Railroad Co. v. Mulligan, 34 U. S. App. 1, 14 C. C. A. 547, and 67 Fed. 569, and in Railroad Co. v. Charless, 7 U. S. App. 359, 375, 2 C. C. A. 380, and 51 Fed. 562. That an objection and exception to the admission of evidence, without specifying some ground of objection, is not available on appeal or writ of error, has been often decided by the supreme court, and by the circuit courts of appeals in a number of the circuits. Camden v. Doremus, 3 How. 530; Burton v. Driggs, 20 Wall. 125; Noonan v. Mining Co., 121 U. S. 400, 7 Sup. Ct. 911; Patrick v. Graham, 132 U. S. 627, 10 Sup. Ct. 194; Railway Co. v. Charless, 7 U. S. App. 359, 2 C. C. A. 380, and 51 Fed. 562; U. S. v. Shapleigh, 12 U. S. App. 26, 4 C. C. A. 237, and 54 Fed. 126; Manufacturing Co. v. Joyce, 8 U. S. App. 309, 4 C. C. A. 368, and 54 Fed. 332; Railway Co. v. Reese, 15 U. S. App. 92, 5 C. C. A. 510, and 56 Fed. 288; Ward v. Manufacturing Co., 12 U. S. App. 295, 5 C. C. A. 538, and 56 Fed. 437; Railway Co. v. Henson, 19 U. S. App. 169, 7 C. C. A. 349, and 58 Fed. 531; Railroad Co. v. Soper, 21 U. S. App. 24, 8 C. C. A. 341, and 59 Fed. 879; Mitchell v. Marker, 22 U. S. App. 325, 10 C. C. A. 306, and 62 Fed. 139; Tabor v. Bank, 27 U. S. App. 111, 10 C. C. A. 429, and 62 Fed. 383; Supreme Council Catholic Knights v. Fidelity & Casualty Co., 22 U. S. App. 439, 11 C. C. A. 96, and 63 Fed. 48. Aside, therefore, from any question of the assignment of error not conforming to rule 11 of this court (21 C. C. A.

cxii., 78 Fed. cxii.), as interpreted in Vider v. O'Brien, 18 U. S. App. 711, 10 C. C. A. 385, and 62 Fed. 326, and Railroad Co. v. Mulligan, supra, it is evident that this record presents no question for our consideration. The judgment below is therefore affirmed.