COLUMBUS SAFE–DEPOSIT CO. v. BURKE.

(Circuit Court of Appeals, Seventh Circuit.  July 26, 1898.)

No. 479.

1. Assignment of Error—Review.
    Error cannot be predicated of an opinion or reason given by the court for a ruling, but must be of the ruling itself.
2. Failure to Perform Contract—Work Beneficial and Accepted by Defendant—Recovery upon Common Counts.
    Where work was not done within the time, or in the manner, stipulated in the contract, but was beneficial to defendant, and has been accepted and enjoyed by him, plaintiff may recover therefor upon the common counts, though he cannot recover upon the contract.
3. Admissibility of Evidence under Special Form of Issue—Sufficiency of Objection.
    The general objection that evidence offered is irrelevant or incompetent is not sufficient to raise the question of competency or relevancy, under the special form of the issues joined.
4. Written Building Contract—Change of Plan by Parol Agreement.
    Where, by the terms of a written contract, a building was to be erected according to plans prepared by certain architects, and such plans were abandoned, and, in pursuance of a parol agreement between the parties, the building was erected according to plans prepared by the contractor, the work was done under a parol contract, and not under such written contract.
5. Delay in Completing Work—Change of Contract—Evidence Admissible.
    The issue was whether there had been such delay in completing the work as would justify a claim for the liquidated damages provided for in a written contract which had been departed from by parol agreement of the parties.  *Held,* that it involved the inquiry whether the delay was attributable to causes provided for in the contract, and whether the pro-

vision for the completion of the work at the date named had been waived; and therefore the entire conduct of the parties—all they did and all they said to each other in reference to the work—was admissible in evidence.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

I. K. Boyesen, for plaintiff in error.

William E. Church, for defendant in error.

Before HARLAN, Circuit Justice, and WOODS and SHOWAL-TER, Circuit Judges.

WOODS, Circuit Judge. This was an action of assumpsit, the declaration containing only the common counts. The answer was: First, non assumpsit; second, that the several supposed causes of action mentioned were one, to wit, a supposed cause of action on certain contracts in writing, copies of which are made "exhibits" (a questionable mode of pleading), and the substance thereof alleged, whereby the defendant in error, the plaintiff below, undertook, on terms and conditions stated, to furnish the materials, prepare, put in place, and finish the marble and mosaic work in the building then in process of construction in Chicago, known as the "Columbus Memorial Building," one of the provisions of the contract being that the work should be finished, except the two south stores and the fourteenth story, on or before the 15th day of April, 1893, "and in default thereof that he would pay to the owner $200 for every day thereafter that the work should remain unfinished, as and for liquidated damages," but if the prosecution or completion of the work were delayed by the neglect or default of any contractor, or by any alteration in the work, or by damage thereto by fire, or by the unusual action of the elements or otherwise, there should be an allowance of additional time beyond the date set for the completion of the work, "but no allowance was to be made unless a claim was presented in writing at the time of such obstruction or delay." It is alleged "that the plaintiff failed to perform the contract on his part to be performed, in this, that he did not complete the work and furnish the materials, except the two south stores and the fourteenth story, agreed to be finished by him on or before the 15th day of April, 1893," nor, in fact, "until the 12th day of October, 1893," that the failure to complete the work by the time stipulated was not caused by the delay or default of any contractor, other than the plaintiff, nor by reason of any alteration in the work, nor by fire, or the unusual action of the elements, or otherwise, but wholly by the fault of the plaintiff, that, in accordance with a provision of the contracts, the plaintiff and the defendant appeared before the architects, W. W. Boyington & Co., and submitted to them the claim of the defendant for damages for the default of the plaintiff, and that Boyington & Co. then and there determined the default to be for the period of 180 days. The conclusion of the plea is:

"That by reason of the premises the plaintiff became indebted to the defendant for the sum of $36,000, liquidated damages, arising out of the nonperformance, as hereinbefore particularly set forth, of the contract on which this suit is brought; and it makes a counterclaim for that sum against the claims of the plaintiff, and offers to apply so much thereof as will be neces-

sary "to discharge the claim of the plaintiff upon his claim. And this the defendant is ready to verify; wherefore it prays judgment if the plaintiff ought to have his aforesaid action against this defendant."

The third plea contains similar averments, and concludes as follows:

"That by reason of the premises the plaintiff became indebted to the defendant in the contract in the sum of $18,000 damages, and this defendant recoups said sum against any claim the plaintiff may have growing out of the said contracts, and it offers to apply any part that may be necessary in discharge of the plaintiff's claim. And, by reason of the premises set forth in its special pleas, it is entitled to recover a judgment against the plaintiff for any sum that may be found in its favor in excess of the claims of the plaintiff. And this the defendant is ready to verify; wherefore it prays judgment if the plaintiff ought to have his aforesaid action against the defendant," etc.

The fourth plea need not be noticed.

To the second and third pleas severally the plaintiff replied nil debit; denied the execution of each of the contracts therein set up; and alleged, further, that the work and materials for which the action was brought were not performed and furnished under the contracts in the plea mentioned or either of them.

There was a verdict on which the court gave judgment for the plaintiff for the full amount of his demand.

The assignment of errors contains 41 specifications, but there has been a total failure to comply with the requirements of rule 24 of this court that the brief for the plaintiff in error shall contain, after a concise abstract or statement of the case, "a specification of the errors relied upon," setting out, in cases brought up by writ of error, "separately and particularly each error asserted and intended to be urged." In Vider v. O'Brien, 18 U. S. App. 711, 10 C. C. A. 385, and 62 Fed. 326, the intention of this rule was declared to be "that each specification of the brief shall conform substantially, if not literally, to the particular assignment (meaning specification) of error of which it is predicated; and for convenience there ought to be with each specification, in the brief, a reference to the corresponding assignment of error, as well as to the place in the bill of exceptions or other part of the record where the alleged error is shown." It will relieve the judges of this court of much needless labor if counsel can be prevailed upon to take the little pains necessary on their part to comply with this suggestion. The voluminous briefs for the plaintiff in error, besides the lack of the required specification of errors relied on, contain no reference to the portions of the record on which the chief questions discussed are supposed to have arisen. In the assignment of errors following some of the specifications is the statement that the ruling was excepted to, and in some instances the ground of exception is stated. But the assignment of error is no proof of the truth of these statements, which, indeed, should be found only in the bill of exceptions and in the briefs (Railroad Co. v. Mulligan, 34 U. S. App. 1, 14 C. C. A. 547, and 67 Fed. 569; Woodbury v. City of Shawneetown, 34 U. S. App. 655, 20 C. C. A. 400, and 74 Fed. 205); and the court, in order to know what foundation there is for any of the numerous errors assigned, must make for itself, in each instance, an unaided search of the record. The questions dis-

cussed, however, are comparatively few, and the undue labor imposed would have been much less if the briefs, even without particular references to the record, had contained the required restatement of the errors intended to be urged.

The specifications of error numbered from 1 to 9 are each to the effect that the court erred in holding as a matter of law a particular proposition stated. If the court so held, it must have been in ruling upon the admission or rejection of evidence, or in charging the jury, and error should have been assigned upon each specific ruling intended to be brought under review. Rule 11 of this court. Error cannot be predicated of an opinion or reason given by the court for a ruling, but must be of the ruling itself. Russell v. Kern, 34 U. S. App. 90, 16 C. C. A. 154, and 69 Fed. 94; Caverly's Adm'r v. Deere & Co., 24 U. S. App. 617, 630, 13 C. C. A. 452, and 66 Fed. 305; Insurance Co. v. Hamilton, 22 U. S. App. 548, 11 C. C. A. 42, and 63 Fed. 93.

The tenth, eleventh, and twelfth specifications are to the effect that the court erred in refusing a peremptory instruction in favor of the defendant; the thirteenth, fourteenth, and fifteenth are for the refusal of requests for special instructions; the sixteenth to the thirty-ninth are upon the admission of evidence; and the fortieth and forty first are upon instructions to the jury.

The chief ground on which a reversal of the judgment rendered is sought is that evidence was admitted over objection which, by a strict and quite technical rule of pleading insisted upon, was not admissible. The only pleading required in this court is an assignment of errors, and, when it is sought thereby to present a purely technical question of pleading in the trial court, there could be no injustice in exacting of the plaintiff in error a strict adherence to the rule of pleading here.

The original brief of the plaintiff in error is an elaborate discussion of the following propositions:

"(1) Under the pleadings in this cause defendant in error, in order to recover, was bound to prove that he had performed the contract fully, and that all that remained to be done was for the plaintiff in error to pay the contract price.

"(2) Even though it be held that waiver might be shown where the pleadings consist only of the common counts and general issue, where the contract relied on as the defense is pleaded by the defendant, and the plaintiff is afforded an opportunity to reply a waiver of its terms, and fails to do so, but, on the contrary, elects to take issue on the fact whether the work sued for was done under the contract pleaded, without replying a waiver, then the plaintiff is precluded from proving on the trial a waiver which he failed to rely on in his pleadings.

"(3) Even though evidence of waiver be held admissible under the pleadings, still the entire evidence of defendant in error fails in law to establish a waiver of the terms of the contract pleaded.

"(4) Even though it be assumed that Mr. Furber on behalf of the plaintiff in error could waive any of the provisions of the contract of December 3d between the Fuller Company and defendant in error, the evidence is insufficient in law to show such waiver.

"(5) The charge of the court, in effect, eliminated the question of waiver of the terms of the contract, and told the jury that, notwithstanding that the express terms of the contract prescribed the manner in which the delay caused by other contractors should be ascertained and allowed for, the defendant in error was entitled to allowance for delay so caused, without complying with the terms of the contract in this regard.

"(6) The cause of the plaintiff in error was seriously prejudiced by the admission of incompetent evidence over its objections."

Under the first of these propositions it is contended, without pointing out any particular ruling of the court assigned as error, and of a character to raise the question, that the plaintiff could not recover upon the common counts by proving work done under a special contract, which he had not performed in all its terms, though he might be able to prove, if the evidence were competent, a waiver of the unperformed terms by the other party. The contrary was held by this court in Elevator Co. v. Clark, 53 U. S. App. 257, 26 C. C. A. 100, and 80 Fed. 705, where it is said that "when the work contracted to be done was not performed within the stipulated time or in the stipulated manner, and yet was beneficial to the defendant and has been accepted and enjoyed by him, the plaintiff cannot recover upon the contract because he has departed from it, but may recover upon the common counts"; and the proposition is well supported by the authorities cited, including decisions of the supreme court of Illinois. But later decisions of that court are cited (City of Peoria v. Fruin-Bambrick Const. Co., 169 Ill. 36, 48 N. E. 435, and Parmly v. Farrar, 169 Ill. 606, 48 N. E. 693), which, it is said, support the proposition of the plaintiff in error. Without going into an analysis of these decisions, in order to determine whether they are distinguishable from the earlier cases and from the case at bar, it would be enough to say, if it were necessary here to say anything upon the point, that they were not handed down until after this case had been tried, and, if they depart from the rule recognized in Elevator Co. v. Clark, the judgment below should not on that account be reversed. Section 914 of the Revised Statutes does not mean that judgments in the national courts rendered in conformity to the practice and pleadings "existing at the time in like causes in the courts of record of the state" shall be reversed because of a departure from that practice declared in subsequent decisions of the state courts. The question, however, is not in this record, because it has not been pointed out and we have not found that any evidence was admitted over the particular objection now urged. It is a salutary rule that a party excepting to the admission of evidence must state his objection specifically. Camden v. Doremus, 3 How. 515; Burton v. Driggs, 20 Wall. 125; Springer v. U. S., 102 U. S. 586; Wood v. Weimar, 104 U. S. 786; Railroad Co. v. St. John, 29 C. C. A. 634, 85 Fed. 806. The general objection, which in some instances appears to have been made below, that the evidence offered was irrelevant or incompetent, is not sufficient to raise the question of competency under the special form of the issues joined, of which not even a remote suggestion seems to have been made at the trial.

The second proposition,—in support of which are cited Carroll Co. v. Collier, 22 Grat. 302; Diehle v. Insurance Co., 58 Pa. St. 443; Railroad Co. v. Howard, 13 How. 335; Oregonian Ry. Co. v. Oregon Ry. & Nav. Co., 22 Fed. 249; Knight v. Insurance Co., 14 Phila. 187; Davis' Adm'r v. Thomas, 5 Leigh, 4; 7 Rob. Prac. tit. "Replications," p. 923; 2 Herm. Estop. par. 1304,—asserts a still more rigid and technical rule of pleading, and there is therefore a correspondingly stronger reason for enforcing the requirement that the specific objection to the admission of the evidence should have been stated to the circuit court. That not having been done, the objection ought not to meet with favor here.

Another reason why the objection cannot prevail is that the special plea on which it depends was not strictly proved, while, on the contrary, it was proved, as alleged in the replication, that the work, of which the plaintiff sought to recover the value or price, was not done under the contract set up in the pleas. By that contract the work was to be done according to the plans and specifications prepared by the architects. It is established beyond question that, if there ever were such plans prepared, they were abandoned, the architects not being skilled in or capable of judging of that kind of work, and that the appellee himself, at the request of the plaintiff in error, prepared the plans and designs, under which the work was prosecuted and finished according to his own judgment. If, therefore, the written contract in other respects remained in force between the parties, it was not the whole contract, and, the remainder of the agreement being in parol, the contract between the parties, strictly speaking, was a parol contract, though evidenced in part by the so-called written agreements, and necessarily remained in parol notwithstanding the subsequent execution of writings in which the prior written contracts were mentioned as the contracts under which the work was being or to be done. See Stagg v. Compton, 81 Ind. 171. The plea that the work was done under the written contracts set up was one which, if treated as a plea in bar of the action (practically a plea in abatement), required strict proof, and the evidence being clear and undisputed that the contract in a material part was in parol, and was modified from time to time by parol agreements of the parties as the work progressed, it must be said that the proof establishes the replication rather than the plea, and, if in that respect there was error in the charge of the court, it was in favor of the plaintiff in error.

It may be observed, in respect to both the first and second propositions, that the alleged failure of the plaintiff to complete the work before the time stipulated was a breach of no absolute term of the written contract, but was rather the stipulated basis or condition of liability on the part of the plaintiff, in accordance with the agreement, to pay the sum of $200 as liquidated damages for each day of unexcused delay. In apparent recognition of this view, the special pleas of the plaintiff in error seem to have been drawn on the theory of set-off or counterclaim rather than in bar of the action. Whatever doubt there may be of the theory of the pleas should be resolved against the pleader.

The third proposition, as worded, calls for the weighing of evidence in order to determine a question of fact. It is well settled that no such question can be considered on a writ of error. Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837; Dooley v. Pease, 88 'Fed. 446. The discussion which follows the proposition is upon the quite different question, whether "the evidence of the plaintiff tended to prove a waiver of the provisions and conditions precedent to recovery contained in the written contract dated December 3, 1892." Without entering into a rehearsal, it is enough to say that, in our judgment, there was abundant evidence in that direction.

The fourth proposition as worded also presents a question of fact which cannot be considered, and that there was evidence tending to prove the fact is sufficiently clear.

It follows from what has been said that no substantial error was committed in admitting evidence or in giving or refusing instructions. An admission made at the trial eliminated every important question but one. "We do not dispute that the work was eventually completed," said counsel; "there is no dispute about the work; the question is whether the work was done at the time in the contract provided for." There is therefore no merit in the question whether the architects had given a certificate of satisfaction with the work; and, if in itself that question might have been of significance, there is evidence to warrant the conclusion that the stipulation for that certificate was waived. Burke did the work by his own plans and according to his own competent judgment, as it was intended he should do. Whether there was such delay in finishing the work as to justify the assertion of a claim for the liquidated damages stipulated was a question, under the special pleas, of which the burden of proof was upon the plaintiff in error. It was not a narrow question of pleading, but involved the inquiry, not only whether the delay was attributable, in whole or part, to any of the causes provided for in the contract, but whether the provision for completion of the work by the date named was waived by the parties. Touching that question, the entire conduct of the parties in reference to the work, changes in the work originally contemplated, contracts for additional work, all that they did, and all that they said to each other, however remote the bearing, was admissible in evidence. There is certainly no substantial error manifest in the record. The judgment is therefore affirmed.